THE STATE OF OHIO, APPELLANT, *v.* MANOCCHIO, APPELLEE.

[Cite as *State v. Manocchio,* 138 Ohio St.3d 292, 2014-Ohio-785.]

*Motor vehicles—Driver's license—Lifetime license suspension—R.C. 4510.021(A)—Court may grant limited driving privileges to driver under lifetime suspension—Entry granting privileges must specify one of limited purposes named in statute—Fifteen-year waiting period of former R.C. 4510.54(A) for modification or termination of suspension does not apply— Granting of limited driving privileges is not modification or termination of suspension.*

(No. 2013-0095—Submitted November 19, 2013—Decided March 6, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 98473, 2012-Ohio-5720.

_____

**KENNEDY, J.**

{¶ 1} In this discretionary appeal from the Eighth District, we determine whether a trial court may grant limited driving privileges nine years into a lifetime license suspension, notwithstanding former R.C. 4510.54(A), which prohibited the modification of a lifetime suspension for the first 15 years. The appellant, the state of Ohio, advances one proposition of law: "A trial court is without authority to modify a lifetime driver's license suspension where defendant fails to meet the statutory criteria providing for modification as set forth under R.C. 4510.54."

{¶ 2} At oral argument, the state articulated the legal issue as whether the Revised Code permits a court to grant limited driving privileges to a person subject to a lifetime driver's license suspension within the first 15 years of that suspension. We hold that when a trial court grants limited driving privileges and issues an entry in compliance with R.C. 4510.021(A), that grant is not a

modification of a lifetime suspension within the meaning of former R.C. 4510.54(A). We therefore overrule the state's proposition of law. But we affirm the judgment of the court of appeals in part and reverse it in part. The trial court's entry failed to conform to the law. We therefore remand the cause to the trial court to issue a new entry in conformity with R.C. 4510.021(A).

## I. Facts and Procedural History

{¶ 3} Defendant-appellee, Giovanni A. Manocchio, was arrested for driving under the influence of alcohol ("DUI") and speeding in February 2003. Manocchio pled guilty to a third-degree-felony violation of former R.C. 4511.19(A), 1999 Am.Sub.S.B. No. 22, 148 Ohio Laws, Part IV, 8353, 8405, which resulted in his fourth DUI conviction and second felony DUI conviction. Manocchio was sentenced to one year in prison and a "lifetime drivers license suspension." Although the entry did not cite a statute, the lifetime suspension was most likely imposed under former R.C. 4507.16(B)(4). 2001 Sub.H.B. No. 7, 149 Ohio Laws, Part II, 4000, 4039-4043. That statute provided that "no judge shall suspend the first three years of suspension required under division (B)(4) of this section * * *." *Id*. at 4048.

{¶ 4} In 2008, Manocchio filed a motion for "termination of suspension and/or restoration of driving privileges with appropriate monitoring," which the court denied. In February 2012, Manocchio moved for limited driving privileges. Over the state's objection, the trial court granted Manocchio those privileges "solely during daylight hours."

{¶ 5} The state appealed, asserting that granting limited driving privileges violated the mandate of former R.C. 4510.54(A), which prohibited the modification of a lifetime suspension until 15 years had lapsed. 2006 Am.Sub.H.B. No. 461, 151 Ohio Laws, Part V, 9293, 9409.[1]

---

1. All references to this statute are to this version.

**{¶ 6}** Although Manocchio was convicted and sentenced under now amended statutes, the parties and the court of appeals analyzed the issues under current, corresponding statutes, R.C. 4510.02(A) (setting forth the various classifications of suspensions, with Manocchio's suspension qualifying as a "class two" suspension under (A)(2)) and 4511.19(G)(1)(e)(iv) (authorizing a prison sentence and license suspension for a third-degree-felony DUI). The court of appeals also invoked R.C. 4510.13(A)(5)(g)(i) (prohibiting driving privileges during the first three years of a lifetime license suspension). A divided Eighth District Court of Appeals held that R.C. 4510.13(A)(5)(g)(i) gives a trial court discretion to grant limited driving privileges during a lifetime suspension because the granting of such privileges is not a "modification or termination of the suspension" within the meaning of former R.C. 4510.54(A). In support of this holding, the court noted that R.C. 4510.13(A)(5)(g) specifically permits a trial court to grant limited privileges after three years of a mandatory three-years-to-life license suspension.

**{¶ 7}** However, the dissenting judge observed that the authority of the trial court to grant limited driving privileges is restricted by R.C. 4510.021(A), which directs that driving "privileges shall be for any of the following *limited purposes:*

**{¶ 8}** "(1) Occupational, educational, vocational, or medical purposes;

**{¶ 9}** "(2) Taking the driver's or commercial driver's license examination;

**{¶ 10}** "(3) Attending court-ordered treatment." (Emphasis added.)

**{¶ 11}** Moreover, R.C. 4510.021(A) further requires that the court "specify the purposes, times, and places of the privileges." "An entry that merely specifies 'daytime hours only' does not satisfy this requirement." 2012-Ohio-5720, ¶ 18 (Conway Cooney, J., dissenting).

II.  Legal Analysis

{¶ 12} We begin our analysis with R.C. 4510.021.  It says:

> (A) Unless *expressly prohibited* by section 2919.22, section 4510.13, *or any other section of the Revised Code*, a court may grant limited driving privileges for any purpose described in division (A)(1), (2), or (3) of this section during any suspension imposed by the court.

(Emphasis added.)  The statute then names the limited purposes quoted above. No argument is made that either R.C. 2919.22 (endangering children) or 4510.13 (mandatory suspension periods, disabling devices, restricted licenses) has any application to Manocchio.

{¶ 13} The state argues, however, that former R.C. 4510.54(A) does expressly prohibit the granting of driving privileges in this case.  Former R.C. 4510.54(A) stated:

> [A] person whose driver's * * * license has been suspended for life under a class one suspension or as otherwise provided by law or has been suspended for a period in excess of fifteen years under a class two suspension may file a motion with the sentencing court for modification or termination of the suspension.  The person filing the motion shall demonstrate all of the following:
>
> (1) At least fifteen years have elapsed since the suspension began.

151 Ohio Laws, Part V, at 9409. The statute then sets forth the procedures that a defendant must follow to have the suspension modified or terminated. Former R.C. 4510.54(A) through (D), *id.* at 9409-9410.

**{¶ 14}** The state's interpretation of the interplay between R.C. 4510.021 and former R.C. 4510.54(A) is correct only if granting limited driving privileges is a "modification or termination of the suspension." To support its position, the state relies on a layman's understanding of the vocabulary: "A term of the suspension—a complete prohibition against driving—has been modified— Manocchio may now *drive*. Manocchio's suspension *has* been modified and altered." (Emphasis sic.)

**{¶ 15}** Manocchio, however, argues that the General Assembly has clearly distinguished the granting of limited driving privileges from the modification or termination of a license suspension. He notes that in the entire Revised Code, only R.C. 4510.54 addresses "modification" of a license suspension, and that statute does not mention limited driving privileges. By contrast, he says, none of the many other Revised Code provisions addressing limited driving privileges mention modification of a license suspension. Furthermore, he asserts that the modification procedure detailed in R.C. 4510.54 does not resemble the statutory procedures for seeking limited driving privileges in R.C. 4510.021 and 4510.13 and other statutes. He concludes that former R.C. 4510.54(A) is not an "other section of the Revised Code" that "expressly prohibit[s]" granting Manocchio limited driving privileges within the meaning of R.C. 4510.021(A). "Expressly" means "in direct or unmistakable terms * * * explicitly." *Webster's Third New International Dictionary* 803 (1986). Contrary to the state's contention, it would be more correct to say that the General Assembly expressly distinguished between the granting of driving privileges during a license suspension and the modification of that license suspension.

**{¶ 16}** Moreover, the statutory language supports Manocchio's position that limited driving privileges are compatible with license suspensions and do not terminate or modify them. R.C. 4510.01(H) defines "suspend" or "suspension" as "the permanent or temporary withdrawal, by action of a court or the bureau of motor vehicles, of a driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege for the period of the suspension or the permanent or temporary withdrawal of the privilege to obtain a license, permit, or privilege of that type for the period of the suspension." The Revised Code does not define limited driving privileges, but R.C. 4510.021(A), the statute at issue here, expressly allows them "*during* any suspension." (Emphasis added.) Therefore, the granting of limited driving privileges does not affect the underlying suspension itself, whereas terminating or modifying a suspension clearly does.

**{¶ 17}** The Revised Code directs that "[w]ords and phrases shall be read in context and construed according to * * * common usage," but adds that "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." R.C. 1.42. *See also Klemas v. Flynn*, 66 Ohio St.3d 249, 250, 611 N.E.2d 810 (1993).

**{¶ 18}** Here, the General Assembly has carved out two procedures by which drivers under license suspensions may seek to drive and has given them distinct labels. One procedure allows limited driving privileges. R.C. 4510.021 and related statutes. The other allows termination or modification of the suspension. R.C. 4510.54. Therefore, former R.C. 4510.54 might have prevented Manocchio from pursuing the modification or termination of his license suspension, but it did not prevent him from pursuing limited driving privileges, and the court of appeals' conclusion is correct.

{¶ 19} We therefore affirm the judgment of the court of appeals as to that issue.

{¶ 20} The trial court, however, failed to comply with R.C. 4510.021(A). That subsection requires the court granting limited driving privileges to "specify the purposes, times, and places of the privileges" and restricts the permissible purposes (as relevant in this case) to "[o]ccupational, educational, vocational, or medical purposes." The entry specifies a time ("solely during daylight hours") but does not specify a purpose or a place.

### III. Conclusion

{¶ 21} We hold that when a trial court grants limited driving privileges and issues an entry in compliance with R.C. 4510.021(A), that grant is not a modification of a lifetime suspension within the meaning of former R.C. 4510.54(A). We affirm the judgment of the court of appeals in part and reverse it in part. The trial court's entry failed to conform to the law. We therefore remand the cause to the trial court to issue a new entry in conformity with R.C. 4510.021(A).

Judgment affirmed in part

and reversed in part,

and cause remanded.

O'DONNELL, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., concurs in judgment only.

PFEIFER, J., dissents and would affirm the judgment of the court of appeals.

_____

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Mary H. McGrath, Assistant Prosecuting Attorney, for appellant.

Harvey B. Bruner Co., L.P.A., and John D. Mizanin Jr., for appellee.

_____