[Cite as *State v. Semenchuk*, 2014-Ohio-1521.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100323**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GEORGE SEMENCHUK

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-490117

**BEFORE:** Kilbane, P.J., Blackmon, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** April 10, 2014

**ATTORNEY FOR APPELLANT**

Paul A. Mancino
Mancino Mancino & Mancino
75 Public Square Bldg.
Suite 1016
Cleveland, Ohio 44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Katherine Mullin
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶2} Defendant-appellant, George Semenchuk ("Semenchuk"), appeals from the trial court's judgment denying his motion for limited driving privileges. In light of the Ohio Supreme Court's recent ruling in *State v. Manocchio*, Slip Opinion No. 2014-Ohio-785, we reverse the trial court's judgment and remand with instructions for the court to consider Semenchuk's motion in accordance with *Manocchio*.

{¶3} The facts of this case were previously set forth by this court in Semenchuk's first appeal, *State v. Semenchuck*, 8th Dist. Cuyahoga No. 90854, 2009-Ohio-465, ¶ 3-9, *discretionary appeal not allowed*, 122 Ohio St.3d 1412, 2009-Ohio-2751, 907 N.E.2d 1195.[1]

> On December 20, 2006, the Cuyahoga County Grand Jury indicted Semenchuck on one count of assault on a peace officer and two counts of driving under the influence of alcohol and/or drug of abuse ("DUI"). Semenchuck pleaded not guilty at his arraignment and a trial was scheduled for October 11, 2007.
>
> On the day of trial, the trial court overruled both Semenchuck's motion to suppress the stop of his vehicle and motion to dismiss based on speedy trial violation. The State also dismissed one count of DUI.
>
> * * *
>
> At trial, the evidence established that on August 12, 2006, at approximately 6:00 p.m., Newburgh Heights police officers responded to a Speedway gas station because of a report of an intoxicated male urinating behind the gas

---

[1]Semenchuk's name was incorrectly spelled in his first appeal.

station. When the police arrived, several patrons directed the officer's attention to the individual, who was the subject of the reported infraction. The officers observed Semenchuck in a grey minivan, driving slowly in a circle around an adjacent parking lot, and ordered him to stop the vehicle.

When the officers approached, a strong odor of alcohol and urine emanated from the vehicle. The officers observed an open container of Jagermeister between the two front seats of the vehicle. The officers also noticed that Semenchuck's shorts were unbuttoned, exposing his genitalia and that he appeared to have urinated on himself.

The officers asked Semenchuck to exit the vehicle, but when he attempted to step out of the vehicle, he could hardly stand, and had to be propped up against the side of the vehicle. Semenchuck's speech was slow and slurred. The officers determined that he was too intoxicated to be safely given a field sobriety test.

The officers transported Semenchuck to the police station, and after a forty-five minute observation period, the officers asked him to submit to a blood alcohol test. Semenchuck refused to take the test, spewed profanity, became combative and had to be pepper sprayed.

On October 15, 2007, the jury found Semenchuck not guilty of assault on a peace officer, but guilty of DUI. On November 30, 2007, the trial court sentenced him to a prison term of five years, a $10,000 fine, a lifetime driver's license suspension and three years of postrelease control.

{¶4} On appeal, Semenchuk raised 11 assignments of error, arguing he was denied due process of law for various reasons, including when the trial court denied his motion to dismiss for lack of speedy trial and his motion to suppress. We affirmed the trial court judgment, holding that the trial court did not err by denying the speedy trial motion because Semenchuk was brought to trial within 90 days of his arrest, as required by R.C. 2945.71(E). *Id.* at ¶ 22. The trial court also properly denied the motion to suppress because the police officer had a reasonable suspicion that defendant could be driving impaired. *Id.* at ¶ 32.

**{¶5}** In July 2013, Semenchuk filed a motion for "limited driving privileges in order that he may be gainfully employed." Semenchuk attached letters from various potential employers indicating that his employment opportunities were contingent on driving privileges. The trial court denied his motion, stating that: "In accordance of R.C.4510.54(A)(1), a person must demonstrate that at least fifteen years has elapsed since the suspension began. [Semenchuk] has failed to meet this statutory requirement. [Semenchuk's] lifetime suspension was imposed November 30, 2007."

**{¶6}** It is from this order that Semenchuk appeals, raising the following single assignment of error for review.

## ASSIGNMENT OF ERROR

[Semenchuk] was denied due process of law when the court denied his motion for limited driving privileges based on a statute governing termination of his suspension.

**{¶7}** The issue in this case is whether the trial court should have considered granting Semenchuk limited driving privileges approximately five years and eight months into a lifetime license suspension, notwithstanding R.C. 4510.54(A), which prohibits the modification of a lifetime suspension for the first 15 years. The Ohio Supreme Court provides the answer to this question in *Manocchio*, Slip Opinion No. 2014-Ohio-785.

**{¶8}** In *Manocchio*, defendant-Manocchio pled guilty to driving while under the influence under R.C. 4511.19, a third-degree felony. The trial court ordered a lifetime driver's license suspension. *Id.* at ¶ 1. Approximately nine years later, Manocchio filed a motion for limited driving privileges, which the trial court granted. *Id.* at ¶ 4.

The state of Ohio ("State") appealed to this court, arguing that the grant of "limited driving privileges violated the mandate of former R.C. 4510.54(A), which prohibited the modification of a lifetime suspension until 15 years had lapsed.  2006 Am.Sub.H.B. No. 461, 151 Ohio Laws, Part V, 9293, 9409." *Id.* at ¶ 5; *State v. Manocchio*, 8th Dist. Cuyahoga No. 98473, 2012-Ohio-5720.  On appeal, we found that R.C. 4510.13(A)(5)(g) gave the trial court discretion to grant limited driving privileges during a lifetime suspension because the granting of such privileges is not a modification or termination of the suspension within the meaning of former R.C. 4510.54(A). *Id.* at ¶ 10.  In support of our holding, we noted that R.C. 4510.13(A)(5)(g) specifically permits a trial court to grant limited privileges after three years of a mandatory three-years-to-life license suspension. *Id.*

**{¶9}** The State appealed our decision, and the Ohio Supreme Court accepted jurisdiction.  The court's analysis focuses on the interplay between R.C. 4510.021 and 4510.54(A).  R.C. 4510.021 provides that:  "(A) Unless expressly prohibited by section 2919.22, section 4510.13, or any other section of the Revised Code, a court may grant limited driving privileges for any purpose described in division (A)(1), (2), or (3) of this section during any suspension imposed by the court."  R.C. 4510.54(A) provides in pertinent part:

> [A] person whose driver's * * * license has been suspended for life under a class one suspension or as otherwise provided by law or has been suspended for a period in excess of fifteen years under a class two suspension may file a motion with the sentencing court for modification or termination of the suspension.  The person filing the motion shall demonstrate all of the following:

(1) At least fifteen years have elapsed since the suspension began.

{¶10} The State argued to the Ohio Supreme Court that R.C. 4510.54(A) expressly prohibits the granting of driving privileges. *Manocchio,* Slip Opinion No. 2014-Ohio-785, ¶ 13. The *Manocchio* court noted that:

[t]he state's interpretation of the interplay between R.C. 4510.021 and former R.C. 4510.54(A) is correct only if granting limited driving privileges is a "modification or termination of the suspension." To support its position, the state relies on a layman's understanding of the vocabulary: "A term of the suspension — a complete prohibition against driving — has been modified — Manocchio may now *drive*. Manocchio' s suspension has been modified and altered." (Emphasis sic.)

*Id.* at ¶ 14.

{¶11} Manocchio, on the other hand, argued that:

the General Assembly has clearly distinguished the granting of limited driving privileges from the modification or termination of a license suspension. He note[d] that in the entire Revised Code, only R.C. 4510.54 addresses "modification" of a license suspension, and that statute does not mention limited driving privileges. * * * Furthermore, he assert[ed] that the modification procedure detailed in R.C. 4510.54 does not resemble the statutory procedures for seeking limited driving privileges in R.C. 4510.021 and 4510.13 and other statutes. He conclude[d] that former R.C. 4510.54(A) is not an "other section of the Revised Code" that "expressly prohibit[s]" granting Manocchio limited driving privileges within the meaning of R.C. 4510.021(A).

*Id.* at ¶ 15.

{¶12} The court found that Manocchio's interpretation was correct, stating that:

it would be more correct to say that the General Assembly expressly distinguished between the granting of driving privileges during a license suspension and the modification of that license suspension.

Moreover, the statutory language supports Manocchio's position that limited driving privileges are compatible with license suspensions and do not terminate or modify them. R.C. 4510.01(H) defines "suspend" or "suspension" as "the permanent or temporary withdrawal, by action of a court or the bureau of motor vehicles, of a driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege for the period of the suspension or the permanent or temporary withdrawal of the privilege to obtain a license, permit, or privilege of that type for the period of the suspension." The Revised Code does not define limited driving privileges, but R.C. 4510.021(A), the statute at issue here, expressly allows them "*during* any suspension." (Emphasis added.) Therefore, the granting of limited driving privileges does not affect the underlying suspension itself, whereas terminating or modifying a suspension clearly does.

* * *

Here, the General Assembly has carved out two procedures by which drivers under license suspensions may seek to drive and has given them distinct labels. One procedure allows limited driving privileges. R.C. 4510.021 and related statutes. The other allows termination or modification of the suspension. R.C. 4510.54. Therefore, former R.C. 4510.54 might have prevented Manocchio from pursuing the modification or termination of his license suspension, but it did not prevent him from pursuing limited driving privileges, and the court of appeals' conclusion is correct.

*Id.* at ¶ 15-16, 18.

**{¶13}** The *Manocchio* court concluded that "when a trial court grants limited driving privileges and issues an entry in compliance with R.C. 4510.021(A), that grant is not a modification of a lifetime suspension within the meaning of former R.C. 4510.54(A)." *Id.* at ¶ 21.

**{¶14}** Similarly, in the instant case, Semenchuk seeks "limited driving privileges in order that he may be gainfully employed" five years and eight months into his lifetime suspension. The Ohio Supreme Court in *Manocchio* found that drivers under license suspensions may seek to drive under R.C. 4510.021. *Id.* at ¶ 18. Therefore, we reverse the trial court's judgment, which denied limited privileges under R.C. 4510.54(A)(1), and remand the matter with instructions for the trial court to consider Semenchuk's motion in accordance with *State v. Manocchio*, Slip Opinion No. 2014-Ohio-785.

**{¶15}** Accordingly, the sole assignment of error is sustained.

**{¶16}** Judgment is reversed, and the matter is remanded with instructions for the trial court to consider Semenchuk's motion in accordance with *State v. Manocchio*, Slip Opinion No. 2014-Ohio-785.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
MELODY J. STEWART, CONCUR