[Cite as *Lakewood v. Armstrong*, 2014-Ohio-4219.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101122**

## CITY OF LAKEWOOD

PLAINTIFF-APPELLEE

vs.

## WILLIAM E. ARMSTRONG

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND VACATED

Criminal Appeal from the
Lakewood Municipal Court
Case No. 2013 TRD 02843

**BEFORE:** E.T. Gallagher, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** September 25, 2014

**ATTORNEY FOR APPELLANT**

Aaron T. Baker
Aaron T. Baker Co., L.P.A.
38109 Euclid Avenue
Willoughby, Ohio 44094


**ATTORNEYS FOR APPELLEE**

Pamela L. Roessner
City of Lakewood Prosecutor

BY:   Ashley L. Belzer
Assistant Prosecuting Attorney
12650 Detroit Avenue
Lakewood, Ohio 44107

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, William E. Armstrong ("Armstrong"), appeals his conviction for driving under suspension, in violation of Lakewood Municipal Code 335.071. Finding merit to the appeal, we reverse and vacate the trial court's judgment.

**{¶2}** On June 25, 2013, Armstrong was granted driving privileges by the Chardon Municipal Court. The order provides:

> This will certify that WILLIAM E. ARMSTRONG is suspended from driving by order of the Chardon Municipal Court, Chardon, Ohio, **except** that she/he may drive only if vehicle is equipped with the **Ignition Interlock Device** during the pendency of this case[.]
>
> **May drive 7 days per week / 24 Hours per day.**
>
> **Void / Expires: UPON CONVICTION**
>
> **DRIVER'S LICENSE IS BEING HELD** – OFFICER – the event there is NO B.M.V. Case number. The B.M.V. has NOT issued a case number at this time. Please disregard the B.M.V. Printout which is incomplete with respect to Court 2820[.]

**{¶3}** On June 26, 2013, Armstrong was pulled over by a Lakewood police officer for driving under suspension. Armstrong told the police officer that he had been granted driving privileges by the Chardon Municipal Court, but he could not produce the actual order at the time of the stop, nor had the privileges been filed with the Bureau of Motor Vehicles. He pointed out to the officer that the ignition interlock device had been installed on his car. The officer cited Armstrong for violating his suspension.

**{¶4}** Armstrong pleaded not guilty and the case proceeded to a bench trial on February 12, 2014. Armstrong, appearing pro se, presented the Chardon Municipal

Court order ("the Chardon order") to the Lakewood Municipal Court and argued that he was not violating his suspension on June 26, 2013, because he was driving pursuant to his privileges.

{¶5} The Lakewood Municipal Court found the Chardon order to be contrary to law and void. In turn, the Lakewood Municipal Court found Armstrong guilty of driving while under suspension, and guilty of contempt of court for failing to appear at an earlier pretrial. He was fined $400.00 and sentenced to one year community control sanctions and one year license suspension.

{¶6} Armstrong now appeals, raising three assignments of error.

## Sufficiency

{¶7} In his second assignment of error, Armstrong argues his conviction is not supported by sufficient evidence. We find this assignment of error to be dispositive. Armstrong's remaining two assignments of error are therefore moot and will not be addressed.[1]

{¶8} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the

---

[1] In his first assignment of error, Armstrong argues his conviction is against the manifest weight of the evidence. In his third assignment of error, Armstrong argues the trial court violated Crim.R. 44(C) when it failed to place a waiver of the right to counsel on the record.

essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶9} Armstrong argues his conviction is not supported by sufficient evidence because he produced the Chardon order at trial, proving that he was not violating his suspension on June 26, 2013. He contends that on the date in question he was driving in full accordance with the privileges granted to him by the Chardon Municipal Court.

{¶10} Plaintiff-appellee, the city of Lakewood ("the city"), argues that sufficient evidence was presented at trial to support Armstrong's conviction because the Chardon order is contrary to law, and therefore, Armstrong was driving while under suspension without valid privileges. Furthermore, the city contends that Armstrong's assertion that he had a good faith belief that the Chardon order was valid does not overcome his culpability because driving under suspension is a strict liability offense.

{¶11} The authority of a trial court to grant limited driving privileges is restricted by R.C. 4510.021(A), which provides:

> (A) Unless expressly prohibited by section 2919.22, section 4510.13, or any other section of the Revised Code, a court may grant limited driving privileges for any purpose described in division (A)(1), (2), or (3) of this section during any suspension imposed by the court. In granting the privileges, the court shall specify the purposes, times, and places of the privileges and may impose any other reasonable conditions on the person's driving of a motor vehicle. The privileges shall be for any of the following limited purposes:
>
> (1) Occupational, educational, vocational, or medical purposes;
>
> (2) Taking the driver's or commercial driver's license examination;
>
> (3) Attending court-ordered treatment.

**{¶12}** In the instant case, Armstrong produced the Chardon order at trial, arguing that he was driving in accordance with his Chardon privileges at the time of the citation. After reviewing the order, the Lakewood Municipal Court found the following:

THE COURT: Your driving privileges are only good for five things by state law; Going [sic] to work, occupational purposes, medical purposes, educational purposes, treatment and compliance with probation. That's all. A judge cannot give you permission to drive 24 hours a day, seven days a week without putting any restrictions on what those are for.

* * *

[L]ike I said, you could only drive for certain purposes and you weren't driving for any of those purposes, correct?

DEFENDANT: I was just told by the Judge I was allowed to have 24/7.

THE COURT: It's not a valid order.

DEFENDANT: Well, I can only — I only know what my judge said.

**{¶13}** In its brief, the city cites to *State v. Manocchio*, 138 Ohio St.3d 292, 2014-Ohio-785, 6 N.E.3d 47 (*"Manocchio II"*), in support of its contention that the Lakewood trial court properly found the Chardon order to be invalid. However, whereas the validity of the order granting driving privileges was properly before this court in *State v. Manocchio*, 8th Dist. Cuyahoga No. 98473, 2012-Ohio-5720 ("*Manocchio I*"), and subsequently before the Ohio Supreme Court in *Manocchio II*, the validity of the Chardon order was not properly before the Lakewood Municipal Court, nor is it properly before this court on appeal.

{¶14} In *Manocchio I*, the state of Ohio directly appealed the trial court's order granting driving privileges to the defendant. The Chardon prosecutor presumably had the opportunity to object to the privileges at the trial court level or to file a writ but chose not to.

{¶15} Furthermore, Armstrong's good faith belief that the Chardon order was valid is irrelevant. Regardless of his mens rea, Armstrong cannot be convicted of driving under suspension after he produced his privileges from one municipal court, based solely on another municipal court's opinion that the privileges are invalid. Armstrong cannot be penalized for the validity of an order he did not draft or grant. Likewise, having adhered to the Chardon order as it was written, Armstrong cannot be penalized for driving pursuant to the privileges granted to him.

{¶16} The Lakewood Municipal Court exceeded its authority when it sua sponte found the Chardon order to be invalid, and subsequently convicted Armstrong based on this finding. Armstrong's conviction is therefore not supported by sufficient evidence.

{¶17} Accordingly, Armstrong's second assignment of error is sustained.

{¶18} Judgment is reversed; conviction is vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR