[Cite as *Founders Ins.Co. v. Gurung*, 2017-Ohio-8983.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

FOUNDERS INSURANCE COMPANY

    Appellee

    v.

RAN B. GURUNG, et al.

    Appellant

C.A. No.     28508
                  28511

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2015-07-3479

DECISION AND JOURNAL ENTRY

Dated: December 13, 2017

---

HENSAL, Presiding Judge.

{¶1} Ran Gurung and Dianne Badea appeal an order of the Summit County Court of Common Pleas that granted summary judgment to Founders Insurance Company on its declaratory judgment action and denied Mr. Gurung's motion for summary judgment. For the following reasons, this Court affirms.

I.

{¶2} The facts of this case are not in dispute. On August 16, 2014, Mr. Gurung was driving a car when he collided with a bus, injuring Ms. Badea, a passenger on the bus. At the time of the collision, Mr. Gurung had a temporary driver's permit, which required him to be accompanied by a licensed operator. Although there were two other people in the car with Mr. Gurung, neither had a valid driver's license.

{¶3} At the time of the collision, Mr. Gurung had an insurance policy with Founders. Following the collision, Founders filed a complaint against Mr. Gurung and Ms. Badea, seeking

a declaration that Mr. Gurung's policy did not provide any liability coverage for the collision and that it was not required to defend or indemnify Mr. Gurung in a lawsuit filed by Ms. Badea. Specifically, it alleged that the policy did not apply because Mr. Gurung was operating the car in violation of a condition of his driving privileges. Mr. Gurung counterclaimed, alleging multiple causes of action. Founders and Mr. Gurung filed cross-motions for summary judgment. The trial court granted Founders' motion and denied Mr. Gurung's motion, concluding that the contract was not ambiguous and that the "driving privileges" exception applied because Mr. Gurung was not driving "in accordance with the terms and conditions of licensure for a temporary permit." Mr. Gurung and Ms. Badea have appealed, each assigning two errors. Because their arguments are identical, we will address them together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING FOUNDERS INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT.

{¶4} Mr. Gurung and Ms. Badea argue that the trial court incorrectly granted Founders' motion for summary judgment. Under Civil Rule 56(C), summary judgment is appropriate if:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting

Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶5} In its motion for summary judgment, Founders argued that Mr. Gurung's insurance policy did not provide coverage for the collision because Mr. Gurung did not have a licensed driver in the car with him, which was a condition of his entitlement to drive a motor vehicle under Revised Code Section 4507.05. Founders noted that, in a section of the policy entitled "Valid Driver's License[,]" the policy provided that "[n]o coverage is afforded under any Part of this policy if, at the time of the accident, your insured car or temporary substitute car is being operated by a person who * * * is in violation of any condition of their driving privileges[.]" According to Founders, this language is not ambiguous and, applying its plain and ordinary meaning, the collision indisputably falls outside the scope of coverage of Mr. Gurung's policy.

{¶6} "Insurance contracts are construed by the same rules used to construe contracts." *World Harvest Church v. Grange Mut. Cas. Co.*, 148 Ohio St.3d 11, 2016-Ohio-2913, ¶ 28. A court's "task when interpreting an insurance policy is to 'examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy.'" *Id.*, quoting *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 11. "We look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy." *Galatis* at ¶ 11. "An exclusion in an insurance policy will be interpreted as applying only to that which is *clearly* intended to be excluded." (Emphasis sic.) *World Harvest Church* at ¶ 29, quoting *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.*, 64 Ohio St.3d 657, 665 (1992). "Ambiguity in the policy language is construed against the insurer and liberally in favor of the insured, particularly when the ambiguity exists in

a provision that purports to limit or qualify coverage under the insurance policy." *Id.* "As a matter of law, a contract is unambiguous if it can be given a definite legal meaning." *Galatis* at ¶ 11.

{¶7} The term "driving privileges" is not defined in the contract. The plain and ordinary meaning of "privilege," however, is "a right or immunity granted as a peculiar benefit, advantage, or favor * * *." *Webster's Third New International Dictionary* 1805 (1986); *see also Black's Law Dictionary* 1234 (8th Ed. 2004) (defining "privilege" as "[a] special legal right, exemption, or immunity granted to a person or class of persons * * *."). "Driving privileges," therefore, is best understood as referring to a person's legal authorization to operate a motor vehicle upon the public highways.

{¶8} Mr. Gurung and Ms. Badea argue that the term "driving privileges" refers only to the permission to drive that is sometimes granted to a person whose driver's license has been revoked or suspended. Those driving privileges, however, are typically referred to with a qualifier such as "limited" or "occupational" in accordance with Section 4510.021. *See State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, ¶ 4; *State v. Manocchio*, 138 Ohio St.3d 292, 2014-Ohio-785, ¶ 2. When the term "driving privilege" has been used without those qualifiers, it has referred, instead, to the general right of all legally authorized drivers to operate a motor vehicle. *See Kettering v. Baker*, 42 Ohio St.2d 351, 355 (1975) ("The clear intent of [R.C. 4511.191] is to remove from the highways of this state those drivers who would insist on exercising the driving privilege while under the influence of alcohol."). We, therefore, reject Mr. Gurung's and Ms. Badea's assertion that the exclusion only applies to those who have been granted permission to drive following the suspension of their license or temporary instruction permit.

{¶9} Applying the plain and ordinary meaning of "driving privilege" to the insurance provision at issue in this case, we conclude that the exclusion provides that no coverage is afforded if, at the time of the collision, the insured's car is being operated by a person who is in violation of any condition of their authorization to operate a motor vehicle upon the public highways. For those who are driving under a temporary instruction permit, Section 4507.05(A) places several conditions on their lawful operation of a motor vehicle. For those who are at least 16 years old, the driver's permit and identification card must be "in the holder's immediate possession[,]" the driver must be "accompanied by a licensed operator who is at least twenty-one years of age," the licensed operator must be "actually occupying a seat beside the driver, and * * * not have a prohibited concentration of alcohol * * * ," "[t]he total number of occupants of the vehicle [cannot] exceed the total number of occupant restraining devices originally installed in the motor vehicle by its manufacturer * * *," and each occupant must be "wearing all of the available elements of a properly adjusted occupant restraining device."

{¶10} Mr. Gurung and Ms. Badea argue that, regardless of the definition of "driving privileges," Founders does not have the authority to determine whether Mr. Gurung was driving "in violation" of one of the conditions of his temporary instruction permit. They note that Mr. Gurung was not cited for violating Section 4507.05(A)(2) and, thus, did not have a full and fair opportunity to present any legal or factual defenses for such allegations. They argue that it is against public policy for an insurance company to make a contractual finding that would ordinarily be reserved for a court of law. They also argue that allowing insurance companies to have the authority to make such findings would have onerous and far reaching effects on insurance coverage in Ohio.

{¶11} We are not persuaded by Mr. Gurung's and Ms. Badea's arguments because Mr. Gurung admitted in discovery that, at the time of the collision, "no one in the automobile * * * had a valid Ohio driver's license" other than Mr. Gurung's temporary instruction permit. Accordingly, there is no genuine issue of material fact that Mr. Gurung was driving in violation of one of the conditions of his temporary instruction permit at the time of the collision. Upon review of the record, we conclude that the trial court correctly determined that Founders established that there were no genuine issues of material fact in dispute and that it was entitled to judgment as a matter of law. Mr. Gurung's and Ms. Badea's first assignments of error are overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING RAN B. GURUNG'S MOTION FOR SUMMARY JUDGMENT.

{¶12} Mr. Gurung and Ms. Badea also argue that the trial court incorrectly denied Mr. Gurung's motion for summary judgment. They repeat their arguments that the contract is ambiguous and that, construing the language in their favor, the trial court should have held that it provides coverage to Mr. Gurung for the collision. They also repeat their argument that Founders does not have the legal authority to determine when an insured has breached a contract. We conclude that their arguments are without merit for the reasons stated above and that the trial court correctly denied Mr. Gurung's motion for summary judgment. Mr. Gurung's and Ms. Badea's second assignments of error are overruled.

## III.

{¶13} Mr. Gurung's and Ms. Badea's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

LAWRENCE J. SCANLON, Attorney at Law, for Appellant.

DAVID C. PERDUK, Attorneyat Law, for Appellant.

JOSH L. SCHOENBERGER and SUSAN S. R. PETRO, Attorneys at Law, for Appellee.