LARRY A. JONES, SR., J.:
*243 {¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
{¶ 2} Plaintiff-appellant, the state of Ohio, appeals the trial court's decision to restore driving privileges to defendant-appellee, James Varholick. We reverse.
{¶ 3} In 2009, Varholick pleaded guilty to operation while under the influence of alcohol ("OVI"), in violation of R.C. 4511.19(A)(1). The offense was a third-degree felony pursuant to R.C. 4511.19(G)(1)(e) because Varholick had multiple prior OVI convictions. The trial court sentenced Varholick to four years in prison to run consecutive to another OVI case and imposed a lifetime driver's license suspension. This court affirmed his conviction. State v. Varholick , 8th Dist. Cuyahoga No. 94187, 2010-Ohio-5132, 2010 WL 4149269.
{¶ 4} In April 2016, the trial court granted Varholick limited driving privileges over the state's objection and limited his driving privileges to work and medical appointments. In December 2016, Varholick petitioned the trial court to reinstate his license without restrictions, pursuant to R.C. 4510.028, which the state opposed. The trial court did not hold a hearing on the matter but reinstated Varholick's driving privileges in May 2017.
{¶ 5} The state moved for leave to appeal, which this court granted. The state assigns two errors for our review:
I. The trial court erred when it granted the termination of a lifetime driver's license suspension pursuant to R.C. 4510.038 when the suspension was imposed pursuant to R.C. 4511.19(G)(1)(e)(iv).
II. The trial court erred when it granted appellee's motion to modify or terminate his lifetime driver's license suspension before the fifteen year waiting period set forth in R.C. 4510.54 had elapsed and without first holding a hearing.
{¶ 6} In the first assignment of error, the state claims that the trial court erred when it terminated Varholick's previously imposed lifetime driver's license suspension pursuant to R.C. 4510.038.
{¶ 7} Varholick moved to have his license reinstated under R.C. 4510.038, the statute that governs the conditions for the return of full driving privileges and provides that an offender whose driver's license has been suspended, or , any offender who is granted limited driving privileges under R.C. 4510.37, 4511.19 or 4510.07, is not eligible to have his or her driving privileges reinstated until that person has (1) successfully completed a course of remedial driving instruction approved by the director of public safety; (2) been examined in the manner provided for by R.C. 4507.20 and found by the registrar of motor vehicles to be qualified to operate a motor vehicle, and (3) demonstrated proof of financial responsibility, in accordance with R.C. 4509.45.
{¶ 8} The trial court originally suspended Varholick's license pursuant to R.C. 4511.19(G)(1)(e)(iv), which provides that the court shall sentence the offender to "in all cases, a class two license suspension of the offender's driver's license * * * from the range specified in [ R.C. 4510.02(A)(2) ]. The court may grant limited driving privileges relative to the suspension under [ R.C. 4510.021 and 4510.13 ]." The range specified by statute for a class two suspension is a definite period of three years to life. R.C. 4510.02(A)(2).
{¶ 9} The state does not argue that Varholick failed to comply with the requirements *244 as set forth in R.C. 4510.038. Instead, the state claims that the trial court erred because it reinstated Varholick's license thinking that his license had been suspended pursuant to R.C. 4510.37, 4511.19, or 4510.07, three sections of the revised code that are not related to felony OVI convictions. The state is incorrect.
{¶ 10} R.C. 4510.038(A) plainly reads that
Any person whose driver's or commercial driver's license or permit is suspended or who is granted limited driving privileges under section 4510.037, under division (H) of section 4511.19, or under section 4510.07 of the Revised Code for a violation of a municipal ordinance that is substantially equivalent to division (B) of section 4511.19 of the Revised Code is not eligible to retain the license, or to have the driving privileges reinstated, until each of the following has occurred * * *.
(Emphasis added.)
{¶ 11} Thus, the trial court may not reinstate the driving privileges of a person with a suspended license until that person complies with certain requirements. The trial court may also not reinstate the driving privileges of a person who has been granted limited driving privileges under R.C. 4510.37, 4511.19, or 4510.07 until that person complies with certain requirements. While its true that Varholick did not have his license suspended or limited driving privileges pursuant to R.C 4510.37, 4511.19, or 4510.07, because he had previously had his driver's license suspended, R.C. 4510.038 and its conditions applied to him. Thus, the trial court did not err in applying the statute to Varholick and the first assignment of error is overruled.
{¶ 12} Our analysis in not complete, however, because even though the trial court did not err in applying R.C. 4510.038 to this case, the trial court did err in reinstating Varholick's driver's license as argued by the state in the second assignment of error. In this assignment of error, the state contends that the trial court erroneously reinstated Varholick's license before the 15-year waiting period in R.C. 4510.54 had elapsed. The state further argues that the court was mandated to hold a hearing on the motion.
{¶ 13} "[T]he General Assembly has carved out two procedures by which drivers under license suspensions may seek to drive and has given them distinct labels. One procedure allows limited driving privileges. R.C. 4510.021 and related statutes. The other allows termination or modification of the suspension. R.C. 4510.54." State v. Manocchio , 138 Ohio St.3d 292, 2014-Ohio-785, 6 N.E.3d 47, ¶ 18.
{¶ 14} R.C. 4510.021 gives trial courts the discretion to grant limited driving privileges during any suspension, so long as the court specifies "the purposes, times, and places of the privileges." The court may also "impose any other reasonable conditions on the person's driving of a motor vehicle." Id. Limited driving privileges can be for any of these purposes: (1) occupational, educational, vocational, or medical purposes; or (2) taking the driver's or commercial driver's license examination. Id.
{¶ 15} R.C. 4510.54(A) sets forth the process by which an offender who is under a lifetime driver's license suspension can seek reinstatement. If the offender had his or her license suspended under a class two suspension, he or she may file a motion with the sentencing court for modification or termination of the suspension. But R.C. 4510.54(A)(1)(a) specifies that if the license was suspended as a result of the offender pleading guilty to or being convicted of a felony, the offender must demonstrate that *245 at least 15 years has elapsed since the suspension began.
{¶ 16} R.C. 4510.021(A) allows for limited driving privileges, and the Ohio Supreme Court has held that such privileges do not amount to a modification of a lifetime suspension within the meaning of R.C. 4501.54(A). Manocchio at ¶ 21 (decided under an analogous statute). But a trial court is prohibited from modifying a lifetime suspension until 15 years has elapsed from the time the suspension was imposed. See id. at ¶ 5.
{¶ 17} In addition, the statute requires the court to schedule a hearing on a petitioner's motion if the court is going to grant the motion: "The court may deny the motion without a hearing but shall not grant the motion without a hearing." R.C. 4501.54(B).
{¶ 18} Thus, in this case, the trial court was within its authority to grant limited driving privileges to Varholick but erred when it reinstated his driver's license because 15 years had not elapsed since his suspension began.
{¶ 19} The second assignment of error is sustained. The trial court is hereby ordered to reinstate Varholick's lifetime driver's license suspension.
{¶ 20} Case is reversed and remanded for proceedings consistent with this opinion.
TIM McCORMACK, P.J., and EILEEN T. GALLAGHER, J., CONCUR