[Cite as *State v. Kincaid*, 2021-Ohio-583.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 109358 |
| v. | : | |
| JAMES KINCAID, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 4, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-04-453846-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Chief Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R.11.1 and Loc.R. 11.1. Appellant the state of Ohio appeals the decision of the trial court that granted defendant-appellee James Kincaid's motion for limited

driving privileges over the state's objection. Upon review, we reverse the decision of the trial court and remand the matter.

**Background**

{¶ 2} In September 2004, Kincaid was convicted on charges of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331, a felony of the third degree, and driving while under the influence of alcohol or drugs in violation of R.C. 4511.19, a felony of the fourth degree. The trial court sentenced appellant to three years in prison and imposed a lifetime driver's license suspension.

{¶ 3} From 2011 to 2015, Kincaid filed several motions seeking to obtain limited driving privileges or to reinstate his driver's license. Those motions were denied. In some of the entries, the trial court indicated that Kincaid was not eligible for consideration until 15 years after the initial license suspension pursuant to R.C. 4510.54 and that "no motion for privileges may be considered before 9/21/19."

{¶ 4} On November 27, 2019, Kincaid filed a motion for limited driving privileges pursuant to R.C. 4510.021. He requested limited driving privileges for "occupational, educational, and emergency purposes." In his supporting affidavit, he averred that he had not consumed alcohol for approximately 15 years and was currently active with Alcoholics Anonymous. He set forth family and work obligations for which he wished to have driving privileges. A supporting affidavit of a personal friend also was attached to his motion. Kincaid did not specify the hours during which he was requesting privileges and did not provide proof of insurance.

{¶ 5} The state opposed Kincaid's motion and argued that Kincaid was ineligible for limited driving privileges due to his conviction for failure to comply. On December 12, 2019, the trial court granted Kincaid's motion over the state's objection and without holding a hearing. The trial court ordered Kincaid to provide proof of insurance, to install interlock, and to be issued special license plates. The state timely appealed.

**Law and Analysis**

{¶ 6} The state raises three assignments of error for our review. The state claims the trial court's decision to grant Kincaid limited driving privileges was improper because (1) Kincaid is not eligible due to his underlying felony conviction for failure to comply in violation of R.C. 2921.331, (2) he did not present proof of auto insurance, and (3) the trial court's order did not state the time or purposes of the driving privileges.

{¶ 7} Under the first assignment of error, the state claims the trial court erred in granting Kincaid driving privileges because he was convicted of a felony in violation of R.C. 2921.331, failure to comply with an order or signal of a police officer, which the state argues renders Kincaid ineligible for limited driving privileges under R.C. 4510.021. The state further maintains that although the trial court can modify a driver's license suspension pursuant to R.C. 4510.54 under certain circumstances,

Kincaid neither requested a termination or modification of his suspension under R.C. 4510.54, nor did he meet the requirements of that statute.[1]

{¶ 8} Generally, the decision whether to grant or deny limited driving privileges is reviewed for an abuse of discretion. *State v. Mormile*, 8th Dist. Cuyahoga No. 106573, 2018-Ohio-4858, ¶ 17. However, the interpretation of a statute presents a question of law that we review de novo. *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 17, citing *State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, ¶ 6.

{¶ 9} As a result of his conviction for failure to comply with an order or signal of a police officer in violation of R.C. 2921.331, Kincaid's driver's license was suspended for life under a class two suspension. Pursuant to R.C. 2921.331(E), the court was required to "impose a class two suspension from the range specified in [R.C. 4510.02]." For a class two suspension, R.C. 4510.02(A)(2) mandates that the court impose as "a definite period" of suspension from the range of "three years to life."

{¶ 10} After several unsuccessful attempts to regain driving privileges, in November 2019 Kincaid filed a motion for limited driving privileges "pursuant to R.C. 4510.021." Obtaining limited driving privileges pursuant to R.C. 4510.021 is a separate and distinct procedure from the termination or modification of the suspension pursuant to R.C. 4510.54. As the Supreme Court of Ohio has recognized,

---

[1] The state claims that Kincaid does not meet the requirements under R.C. 4510.54 because it argues he was convicted in 2014 of driving under suspension. Rather, his motion for limited driving privileges was filed under R.C. 4510.021.

"[T]he General Assembly has carved out two procedures by which drivers under license suspensions may seek to drive and has given them distinct labels. One procedure allows limited driving privileges. R.C. 4510.021 and related statutes. The other allows termination or modification of the suspension. R.C. 4510.54." *State v. Manocchio*, 138 Ohio St.3d 292, 2014-Ohio-785, 6 N.E.3d 47, ¶ 18. Because Kincaid sought to obtain limited driving privileges, R.C. 4510.021 and its related statutes apply in this matter. Moreover, because Kincaid did not request the termination or modification of the suspension pursuant to R.C. 4510.54, that procedure was not invoked.

{¶ 11} The Supreme Court of Ohio has held that the process for obtaining limited driving privileges is governed by R.C. 4510.021 and related statutes. *Manocchio* at ¶ 18. R.C. 4510.02(A)(2) mandates that the court impose a definite period of three years to life for a class two suspension. R.C. 4510.021 permits a court to grant limited driving privileges for various purposes "[u]nless expressly prohibited by * * * any other section of the Revised Code * * *." R.C. 2921.331(E) provides in relevant part:

> (E) In addition to any other sanction imposed for a violation of division (B) of this section, the court shall impose a class two suspension from the range specified in division (A)(2) of section 4510.02 of the Revised Code. * * * The court shall not grant limited driving privileges to the offender on a suspension imposed for a felony violation of this section. * * * No judge shall suspend the first three years of suspension under a class two suspension of an offender's license, permit, or privilege required by this division * * *.

{¶ 12} Although R.C. 2921.331(E) precludes a trial court from granting limited driving privileges to an offender such as Kincaid who is on a suspension imposed for a felony violation of R.C. 2921.331, the statute also instructs that "[n]o judge shall suspend the first three years of suspension under a class two suspension * * * required by this division * * *." The issue arises as to whether this language permits a court to "suspend" a class two suspension for the purpose of granting limited driving privileges.[2]

{¶ 13} Kincaid argues that the language in R.C. 2921.331(E) permits a trial court to "suspend" a class two suspension after three years. In support of his argument, Kincaid cites *State v. Butler*, 12th Dist. Warren No. CA2011-01-004, 2011-Ohio-4565, in which the Twelfth District found the language of R.C. 2921.331(E) permitted a trial court to suspend a suspension for the purpose of granting limited driving privileges to a defendant who, like Kincaid, had been convicted of a felony failure to comply in violation of R.C. 2921.331(B) and was under a class two suspension. *Id.* at ¶ 2-12.[3] Therefore, Kincaid claims that the trial

---

[2] We note that in a comparable context involving a class two suspension for an OVI conviction, R.C. 4510.13(A)(5)(g) specifically authorizes a court to "grant limited driving privileges" after the first three years of a class two suspension imposed under R.C. 4511.19(G)(1)(d) or (e) for an OVI conviction, but it leaves the remainder of the period of suspension intact. Similar language does not appear in R.C. 2921.331(E).

[3] In construing R.C. 2921.331(E), the Twelfth District determined that "[l]ogic dictates * * * that a judge does have the authority to suspend the suspension of driving privileges after the first three years of a class two suspension have been served." *Id.* at ¶ 10. The court proceeded to hold that "the trial court was not acting outside the scope of its authority when it granted limited driving privileges to [the defendant] more than three years after the commencement of the suspension." *Id.* at ¶ 11.

court had the ability under R.C. 2921.331(E) to "suspend" his driver's license suspension after three years. Kincaid further argues that this relief is available solely as a function of R.C. 2921.331(E), without implicating R.C. 4510.54, which precludes the "modification" and/or "termination" of a lifetime suspension for at least 15 years.

{¶ 14} The problem with Kincaid's argument is that he never sought to suspend his class two suspension pursuant to R.C. 2921.331(E), nor was any such relief granted by the trial court. Rather, Kincaid sought limited driving privileges solely pursuant to R.C. 4510.021. The trial court did not have any adversarial briefing on this issue, and no hearing was requested to present additional arguments. Therefore, the trial court had no opportunity to consider the application of R.C. 2921.331(E) to Kincaid's request for limited driving privileges. Moreover, because the issue was never presented, the trial court's order did not suspend Kincaid's suspension for the purpose of granting limited driving privileges.

{¶ 15} This court should not decide issues that are not properly before us. *See State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21.[4] We recognize that the parties have briefed the issue on appeal; however, the trial court never granted any relief pursuant to R.C. 2921.331(E). "'[J]ustice is far better served when it has the benefit of briefing, argument, and *lower court consideration* before making a final determination.'" (Emphasis added.) *Risner v. Ohio Dept. of Natural*

---

[4] In *Tate*, the Supreme Court of Ohio held that "appellate courts should not decide cases on the basis of a new, unbriefed issue without 'giv[ing] the parties notice of its intention and an opportunity to brief the issue.'" *Id.*, quoting *State v. 1981 Dodge Ram Van*, 36 Ohio St.3d 168, 170, 522 N.E.2d 524 (1988).

*Resources*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 28, quoting *Sizemore v. Smith*, 6 Ohio St.3d 330, 333, 453 N.E.2d 632 (1983), fn. 2.

{¶ 16} Accordingly, we decline to review this issue and remand the matter to the trial court for consideration of whether the court may "suspend" Kincaid's class two suspension pursuant to R.C. 2921.331(E) for the purpose of granting limited driving privileges pursuant to R.C. 4510.021 and, if so, whether such relief is warranted.

{¶ 17} For the reasons stated above, we sustain the first assignment of error.

{¶ 18} Because the second and third assignments of error are related, we shall address them together. The state argues that the trial court erred in granting driving privileges without Kincaid first having provided proof of financial responsibility.[5] Although the trial court ordered Kincaid to provide proof of insurance, this is not consistent with R.C. 4510.021(E), which provides: "Before granting limited driving privileges under this section, the court shall require the offender to provide proof of financial responsibility pursuant to [R.C. 4509.45]." Thus, R.C. 4510.021(E) requires the defendant to provide the trial court with proof of financial responsibility "before" the trial court grants the defendant limited driving privileges. *Mormile*, 8th Dist. Cuyahoga No. 106573, 2018-Ohio-4858, ¶ 22.

{¶ 19} The state also argues that the trial court did not specify the time and purposes of the driving privileges as required by R.C. 4510.021. As stated by the

---

[5] Because R.C. 4510.54 is not applicable, we do not address the state's argument regarding proof of insurance under that provision.

Supreme Court of Ohio, "[R.C. 4510.021(A)] requires the court granting limited driving privileges to 'specify the purposes, times, and places of the privileges' and restricts the permissible purposes" to those specified thereunder. *Manocchio,* 138 Ohio St.3d 292, 2014-Ohio-785, 6 N.E.3d 47, at ¶ 20, quoting R.C. 4510.021(A). Therefore, a trial court must comply with R.C. 4510.021(A) when granting limited driving privileges. *See Manocchio* at ¶ 20-21.

**{¶ 20}** The trial court's order did not comply with the statute in either regard. Accordingly, we sustain the second and third assignments of error.

**{¶ 21}** Judgment reversed, and case remanded.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
LISA B. FORBES, J., CONCUR