[Cite as *State v. Mormile*, 2018-Ohio-4858.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   106573

---

**STATE OF OHIO**

PLAINTIFF-APPELLANT

vs.

**STEVEN MORMILE**

DEFENDANT-APPELLEE

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-582132-A

**BEFORE:**  Boyle, J., Kilbane, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**  December 6, 2018

ATTORNEYS FOR APPELLANT

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Mary M. Frey
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113


ATTORNEYS FOR APPELLEE

Mark A. Stanton
Cuyahoga County Public Defender
BY:    David Martin King
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio    44113

MARY J. BOYLE, J.:

{¶1}    Plaintiff-appellant, the state of Ohio, appeals the trial court's order granting defendant-appellee, Steven Mormile, driving privileges.   It raises two assignments of error for our review:

> 1. The trial court erred in granting defendant driving privileges when defendant had not provided proof of financial responsibility and no limited times or places were specified for the privileges, which violate R.C. 4510.021.

> 2. The trial court erred by granting defendant driving privileges after finding that the state did not object when the state had objected.

{¶2}    Finding merit to both of the state's assignments of error, we reverse the trial court's order granting Mormile limited driving privileges.

## I. Procedural History and Factual Background

{¶3}    On February 24, 2014, a Cuyahoga County Grand Jury indicted Mormile for one count of aggravated vehicular homicide, one count of failure to stop after an accident, two counts

of driving while under the influence, and one count of endangering children. The charges arose after Mormile, with his minor child in the car, drove under the influence of heroin and struck another vehicle head-on, killing the driver.

{¶4} In April 2014, Mormile entered into a plea agreement, under which he pleaded guilty to one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a), a felony of the third degree; one count of driving while under the influence in violation of R.C. 4511.19(A)(1)(j)(v), a misdemeanor of the first degree; and one count of endangering children in violation of R.C. 2919.22, a misdemeanor of the first degree. In exchange, the state nolled the remaining counts of driving while under the influence and failure to stop after an accident.

{¶5} After accepting Mormile's guilty plea, the court suspended Mormile's Class 5 driver's license and ordered Mormile to present his license at the sentencing hearing.

{¶6} On July 23, 2014, the trial court sentenced Mormile to four years in prison for aggravated vehicular homicide. As to the first-degree misdemeanors, the trial court sentenced Mormile to six months in jail for driving while under the influence and six months in jail for endangering children. The trial court ordered all of those sentences to run concurrently. The trial court ordered Mormile to pay a fine and court costs; however, the trial court stayed the payment of court costs while he was incarcerated. Additionally, as to his conviction for driving while under the influence, the trial court suspended Mormile's license until July 23, 2024, a ten-year license suspension.

{¶7} On November 23, 2015, Mormile moved for judicial release, which the state opposed. The trial court held a hearing on Mormile's motion and ultimately granted that motion on February 1, 2017. As a result, the trial court placed Mormile on five years of community control sanctions, during which he was to abide by the rules of the probation

department and perform 500 hours of community work service, have GPS monitoring for 180 days, receive intensive outpatient treatment, and obtain employment. The trial court ordered Mormile to pay his fine and court costs and submit to random drug and alcohol testing. Finally, the trial court reduced Mormile's driver's license suspension to three years, with a new end date of February 1, 2020.

{¶8} On May 25, 2017, Mormile moved the court for driving privileges for educational and occupational purposes. In support of his motion, Mormile cited to his gainful employment, educational successes, and completion of an intensive outpatient treatment program. The state opposed Mormile's motion, arguing that the trial court should deny the motion based on the serious nature of Mormile's crimes and Mormile's "complete disregard for the public whom he shares the roads with and for anyone driving with him." The state also argued that granting Mormile driving privileges "only four months into his driving suspension after being released from prison would demean the seriousness of his offenses and not protect the public."

{¶9} On December 1, 2017, the trial court issued a judgment entry, which stated, "[w]ithout objection from state of Ohio, Defendant's Motion for Driving Privileges, filed 5/25/2017, is granted."

{¶10} On December 6, 2017, the state moved for leave to appeal the trial court's order granting Mormile driving privileges, which we granted.

{¶11} On December 12, 2017, the trial court issued another journal entry, stating, "[i]n reference to Defendant's Motion for Driving Privileges is granted as to occupational privileges only."

**II. Law and Analysis**

{¶12} The state's first assignment of error contends that the trial court's order granting

driving privileges was in error because (1) Mormile did not provide proof of financial responsibility, and (2) the trial court did not specify the time and places limiting Mormile's driving privileges. The state's second assignment of error argues that the trial court's order granting driving privileges was in error because the trial court incorrectly found that the state did not object to Mormile's motion. In response, Mormile argues that we improvidently allowed the state's appeal because the trial court retains authority to amend or revoke his driving privileges. Mormile also argues that the trial court's failure to require proof of financial responsibility does not require reversal because all drivers must show such proof before obtaining a driver's license under R.C. 4509.101 and that the trial court properly limited his driving privileges by only granting them for occupational purposes and requiring him to submit his work schedule to the probation department.

**1. The State's Appeal**

**{¶13}** We will first address Mormile's argument that we improvidently granted the state leave to appeal the trial court's order. R.C. 2945.67(A) states,

> A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief * * *, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case.

"Therefore, when the prosecution wishes to appeal a judgment of the trial court not expressly provided for in R.C. 2945.67(A), it must ask for leave to appeal under App.R. 5(C)." *State v. Mitchell*, 6th Dist. Lucas No. L-03-1270, 2004-Ohio-2460, ¶ 5.

**{¶14}** Here, the state moved for leave to appeal the trial court's order granting Mormile limited driving privileges, and we granted the state's motion. It is clear from R.C. 2945.67(A)'s plain language that the state has the ability to appeal the trial court's order granting limited

driving privileges, a point that Mormile concedes in his brief.

{¶15} Further, we find that we did not improvidently grant the state leave. Mormile was convicted of aggravated vehicular homicide, driving while under the influence, and endangering children. Mormile caused the death of another person — and could have seriously harmed the child in the backseat of his vehicle — as the result of his operating a vehicle under the influence of heroin. Therefore, the trial court's decision to grant Mormile driving privileges — without delineating the limits of those privileges in violation of R.C. 4510.021 — certainly is enough to invoke the state's right to seek leave to appeal under R.C. 2945.67.

{¶16} Mormile also argues that we improvidently allowed the state's appeal because the trial court retained authority to modify or revoke the driving privileges under R.C. 2929.20. However, even if the statute provided what Mormile purports, it would not change R.C. 2945.67's plain language and the fact that the trial court's orders granting Mormile driving privileges failed to comply with relevant statutory authority, as more fully discussed below.

### 2. Driving Privileges

{¶17} Normally, we will not reverse the trial court's order granting Mormile limited driving privileges absent an abuse of discretion. *State v. Dzurilla*, 8th Dist. Cuyahoga No. 101960, 2015-Ohio-1954, ¶ 14. Here, however, the state does not argue that the trial court abused its discretion; instead, it argues that the trial court erred as a matter of law. We do not review errors of law under an abuse of discretion standard. Such errors are simply that, errors of law.

{¶18} The trial court suspended Mormile's driver's license based on his conviction for driving while under the influence, a misdemeanor of the first degree, in violation of R.C. 4511.19. "Pursuant to R.C. 4510.13, an individual whose license has been suspended pursuant

to R.C. 4511.19 may file a petition for limited driving privileges during the suspension." *Dzurilla* at ¶ 11.

**{¶19}** We agree with the state that the trial court's order fails to comply with R.C. 4510.021, which states,

> [A] court may grant limited driving privileges for [occupational or educational purposes] during any suspension imposed by the court. In granting the privileges, the court shall specify the purposes, times, and places of the privileges and may impose any other reasonable conditions on the person's driving of a motor vehicle.

**{¶20}** In *State v. Manocchio*, 138 Ohio St.3d 292, 2014-Ohio-785, 6 N.E.3d 47, the Ohio Supreme Court held that a trial court's order granting a defendant driving privileges failed to comply with R.C. 4510.021 because the order "specifie[d] a time ('solely during daylight hours') but [did] not specify a purpose or place." *Id.* at ¶ 20.[1]

**{¶21}** Here, the trial court's initial order granting Mormile driving privileges did not specify a time or place; it simply required Mormile to "provide [his] work schedule to [the] probation department." Subsequent to the state's appeal, the trial court issued another journal entry stating that Mormile had limited driving privileges for "occupational privileges only" and that he was "to provide [the] probation department with [his] work schedule as to dates and times needed for work." The trial court's orders do not comply with the plain language of R.C. 4510.021, which requires the trial court, not the probation department, to specify the times and places applicable to a defendant's limited driving privileges.

**{¶22}** We also find merit to the state's argument that the trial court erred when it failed to obtain proof of financial responsibility before granting Mormile limited driving privileges. R.C.

---

[1] The main issue in *Manocchio* was "whether the Revised Code permits a court to grant limited driving privileges to a person subject to a lifetime driver's license suspension within the first 15 years of that suspension." *Id.* at ¶ 2.

4509.101 states, "No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained continuously throughout the registration period with respect to that vehicle[.]" A defendant must provide the trial court with proof of financial responsibility before the trial court grants the defendant limited driving privileges. R.C. 4510.021(E); *see also State v. Hyde*, 8th Dist. Cuyahoga No. 103098, 2016-Ohio-113, ¶ 27 (sustaining the appellant's assignment of error and remanding the matter to the trial court for it to allow the appellant "to provide 'proof of financial responsibility, proof of liability insurance, or proof to the satisfaction of the registrar of motor vehicles that he would be able to respond in damages in the minimum amount'"). Here, the trial court's judgment entries do not indicate that it obtained proof of Mormile's financial responsibility before granting him limited driving privileges. Accordingly, we sustain the state's first assignment of error.

{¶23} Finally, in granting Mormile's motion for limited driving privileges, the trial court incorrectly found that the state did not object to the motion. The state filed a motion in opposition and argued that the trial court should deny the motion based on the serious nature of Mormile's crimes and Mormile's "complete disregard for the public whom he shares the roads with and for anyone driving with him." The state also argued that granting Mormile driving privileges "only four months into his driving suspension after being released from prison would demean the seriousness of his offenses and not protect the public." Accordingly, we sustain the state's second assignment of error.

{¶24} Judgment reversed. This case is remanded to the trial court for purposes of requiring Mormile to provide proof of financial responsibility and issuing a new entry in compliance with R.C. 4510.021(A).

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR