**[Cite as *State v. Kimpel*, 2020-Ohio-1158.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                    Court of Appeals No. WM-19-010

     Appellee                                    Trial Court No. 99 CR 105

v.

Kevin D. Kimpel                              **DECISION AND JUDGMENT**

     Appellant                                   Decided: March 27, 2020

* * * * *

Katherine J. Zartman, Williams County Prosecuting Attorney, for appellee.

Clayton J. Crates, for appellant.

* * * * *

**ZMUDA, P.J.**

## I. Introduction

{¶ 1} Appellant, Kevin Kimpel, appeals the judgment of the Williams County Court of Common Pleas, denying his "Motion to Terminate Driving Suspension." For the reasons that follow, we affirm.

## A. Facts and Procedural Background

{¶ 2} On July 21, 1999, appellant was indicted on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A), a felony of the third degree, and one count of driving while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree. Four months later, on November 8, 1999, appellant entered plea of no contest to the two counts contained in the indictment. The court accepted appellant's plea, found him guilty of the charges, and set the matter for sentencing.

{¶ 3} On January 5, 2000, appellant was sentenced to four years in prison for aggravated vehicular homicide and six months in prison for driving while under the influence of alcohol or drugs. The court ordered the sentences served concurrently for a total sentence of four years. Additionally, the court indicated the following in its sentencing entry: "The defendant was under the influence of alcohol at the time of the offense and therefore it is ORDERED that the defendant's driver's license is suspended for life."

{¶ 4} After serving a portion of his four-year sentence, appellant filed a motion for judicial release on January 16, 2001. On March 16, 2001, the trial court granted appellant's motion, thereby granting appellant judicial release and placing him on community control. On April 18, 2001, the state filed a motion to revoke community control, in which it alleged that appellant violated the terms of his community control by

2.

using marijuana. Appellant subsequently admitted to violating the terms of his community control, and the trial court reinstated its prison sentence on April 23, 2001.

{¶ 5} On March 31, 2006, appellant filed a motion to modify the lifetime suspension of his driver's license. Having completed his prison sentence and applicable community control sanction at this point, appellant argued that he should be permitted to have his driver's license privileges reinstated because his employment prospects "would be greatly aided if he was given the right to apply for a driver's license." In its memorandum in opposition to appellant's motion, the state contended that appellant's reinstatement request should be denied as there was no statutory basis for the relief requested. The court agreed with the state, and summarily denied appellant's motion without a hearing on April 17, 2006.

{¶ 6} Almost ten years later, appellant filed a subsequent motion for occupational driving privileges. Once again, the state opposed appellant's motion, arguing that appellant "[had] not yet paid his debt to society or to the family of Tonya Crisenberry. Defendant's course of conduct since Ms. Crisenberry's tragic death has been anything but exemplary." The state went on to recount appellant's subsequent criminal history, which included convictions for felony domestic violence, attempted aggravated burglary, and aggravated assault in 2007.

{¶ 7} Appellant's motion came before the trial court for a hearing on March 10, 2016. At the hearing, the parties stipulated to the preparation of a report from a probation officer to the court on the issue of appellant's eligibility for restoration of occupational driving privileges. According to the court's entry following the hearing, the matter

3.

would be decisional upon the filing of the report "without further hearing." Thereafter, on March 25, 2016, the court issued its decision granting appellant's motion and allowing appellant limited occupational driving privileges.

{¶ 8} On July 2, 2018, appellant filed a motion to terminate or modify the lifetime suspension of his driver's license under R.C. 4510.54, a statute that was enacted in 2004 and therefore was not in existence at the time of appellant's convictions for aggravated vehicular homicide and driving while under the influence of alcohol or drugs. Asserting that he was in compliance with the terms of his occupational driving privileges and had satisfied the criteria for reinstatement of his driver's license under R.C. 4510.54, appellant requested the termination of his lifetime suspension.

{¶ 9} Upon receipt of appellant's motion, the trial court set the matter for hearing. At the start of the hearing, however, appellant made an oral motion to withdraw his motion, which was granted by the trial court. The record does not disclose the basis of this withdrawal.

{¶ 10} On March 13, 2019, appellant filed a second motion to terminate the lifetime suspension of his driver's license. Appellant second motion reiterated the same arguments raised in his July 2, 2018 motion. On March 19, 2019, the state responded with a memorandum in opposition to appellant's motion. In its memorandum, the state contended that appellant's felonious criminal activity subsequent to his convictions for aggravated vehicular homicide and driving while under the influence of alcohol or drugs disqualified him from eligibility for reinstatement of his driver's license under R.C. 4510.54(A)(1)(a)(i). Specifically, the state noted that appellant has been convicted of

4.

four felonies in eleven years, the most recent being a felony domestic violence conviction in 2017, as well as a moving violation (speeding) in 2015.

{¶ 11} The trial court held a hearing on appellant's motion on May 13, 2019. Appellant testified at the hearing, recounting the substance abuse treatment that he has completed since his release from prison. At the conclusion of the hearing, the court took the matter under advisement.

{¶ 12} The court issued its decision on appellant's motion on May 31, 2019. In its decision, the court denied appellant's motion, finding that appellant's "violations of the law in 2007 (domestic violence, attempted burglary and aggravated assault) and in 2017 (domestic violence), still causes concern." It is from this decision that appellant now appeals.

## B. Assignment of Error

{¶ 13} On appeal, appellant presents the following assignment of error for our review:

> The Trial Court's Denial of Appellant's Motion to Terminate
> Driving Suspension was an Abuse of Discretion.

## II. Analysis

{¶ 14} In appellant's sole assignment of error, he contends that the trial court abused its discretion by denying his motion to terminate his lifetime driving suspension.

{¶ 15} "[T]he General Assembly has carved out two procedures by which drivers under license suspensions may seek to drive and has given them distinct labels. One procedure allows limited driving privileges. R.C. 4510.021 and related statutes. The

5.

other allows termination or modification of the suspension. R.C. 4510.54." *State v. Manocchio*, 138 Ohio St.3d 292, 2014-Ohio-785, 6 N.E.3d 47, ¶ 18. The statute at issue here, R.C. 4510.54, "sets forth the process by which an offender who is under a lifetime driver's license suspension can seek reinstatement." *State v. Varholick*, 2017-Ohio-9181, 103 N.E.3d 242, ¶ 15 (8th Dist.).

{¶ 16} R.C. 4510.54 provides, in relevant part:

(A) Except as provided in division (F) of this section, a person whose driver's or commercial driver's license has been suspended for life under a class one suspension or as otherwise provided by law or has been suspended for a period in excess of fifteen years under a class two suspension may file a motion with the sentencing court for modification or termination of the suspension. The person filing the motion shall demonstrate all of the following:

(1)(a) If the person's license was suspended as a result of the person pleading guilty to or being convicted of a felony, at least fifteen years have elapsed since the suspension began * * *, and, for the past fifteen years, the person has not been found guilty of any of the following:

(i) A felony;

(ii) An offense involving a moving violation under federal law, the law of this state, or the law of any of its political subdivisions;

(iii) A violation of a suspension under this chapter or a substantially equivalent municipal ordinance.

\* \* \*

(2) The person has proof of financial responsibility, a policy of liability insurance in effect that meets the minimum standard set forth in section 4509.51 of the Revised Code, or proof, to the satisfaction of the registrar of motor vehicles, that the person is able to respond in damages in an amount at least equal to the minimum amounts specified in that section.

(3) If the suspension was imposed because the person was under the influence of alcohol, a drug of abuse, or combination of them at the time of the offense or because at the time of the offense the person's whole blood, blood serum or plasma, breath, or urine contained at least the concentration of alcohol specified in division (A)(1)(b), (c), (d), or (e) of section 4511.19 of the Revised Code or at least the concentration of a listed controlled substance or a listed metabolite of a controlled substance specified in division (A)(1)(j) of section 4511.19 of the Revised Code, all of the following apply to the person:

(a) The person successfully completed an alcohol, drug, or alcohol and drug treatment program.

(b) The person has not abused alcohol or other drugs for a period satisfactory to the court.

(c) For the past fifteen years, the person has not been found guilty of any alcohol-related or drug-related offense.

\* \* \*

(D) At any hearing under this section, the person who seeks modification or termination of the suspension has the burden to demonstrate, under oath, that the person meets the requirements of division (A) of this section. At the hearing, the court shall afford the offender or the offender's counsel an opportunity to present oral or written information relevant to the motion. The court shall afford a similar opportunity to provide relevant information to the prosecuting attorney and the victim or victim's representative.

Before ruling on the motion, the court shall take into account the person's driving record, the nature of the offense that led to the suspension, and the impact of the offense on any victim. In addition, if the offender is eligible for modification or termination of the suspension under division (A)(1)(a) of this section, the court shall consider whether the person committed any other offense while under suspension and determine whether the offense is relevant to a determination under this section. The court may modify or terminate the suspension subject to any considerations it considers proper if it finds that allowing the person to drive is not likely to present a danger to the public. After the court makes a ruling on a motion filed under this section, the prosecuting attorney shall notify the victim or the victim's representative of the court's ruling.

{¶ 17} In this case, the trial court denied appellant's motion based upon R.C. 4510.54(A)(1)(a) and the fact that appellant had committed several felonies and one

8.

moving violation during the relevant 15-year time period set forth in the statute. Appellant contends that the trial court erred, because he believes that R.C. 4510.54(A)(1)(a) is inapplicable here.[1]  According to appellant, the trial court's lifetime suspension of his driver's license "was not imposed because it is a felony, it was imposed because the court made the finding that he 'was under the influence of alcohol at the time of the offense.'"  Our review of the language of R.C. 5410.54(A) and the record does not support appellant's conclusion.

{¶ 18} Notably, the express language of R.C. 5410.54(A) demands that a movant must establish compliance with *all* of the requirements set forth in subsections (A)(1), (A)(2), and (A)(3).  Appellant misreads the statute in the disjunctive, as though application of subsection (A)(3) operates to the exclusion of subsection (A)(1).  However, the plain language of the statute demands the application of *all* subsections under R.C. 5410.54(A), and therefore an applicant must satisfy all subsections to be eligible for termination of a lifetime driver's license suspension.

{¶ 19} Moreover, appellant's lifetime suspension clearly arose under his conviction for aggravated vehicular homicide under R.C. 2903.06, not under his

---

[1] Appellant also contends that the trial court erred when it implicitly misunderstood that appellant will have future opportunities to motion the court for termination of his driver's license suspension.  Based upon our review of the trial court's decision, it is unclear whether the trial court believed that appellant could file subsequent motions under R.C. 5410.54.  Nonetheless, we do not reach this argument, because we find that the trial court properly denied appellant's motion in light of appellant's criminal record.

9.

conviction for driving while under the influence of alcohol or drugs.  The version of R.C. 2903.06 in effect at the time of appellant's conviction provided, in relevant part:

(A)  No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall recklessly cause the death of another.

(B)  Whoever violates this section is guilty of aggravated vehicular homicide, a felony of the third degree. * * *

If the jury or judge as trier of fact finds that the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, at the time of the commission of the offense, then the offender's driver's or commercial driver's license or permit or nonresident operating privilege shall be permanently revoked pursuant to section 4507.16 of the Revised Code.

{¶ 20} The foregoing language establishes that appellant's lifetime driver's license suspension was a consequence of his aggravated vehicular homicide conviction, as urged by the state and held by the trial court.  Indeed, the lifetime suspension was *required* by the statute.  Notably, aggravated vehicular homicide was a felony of the third degree at the time of appellant's conviction.

{¶ 21} Because appellant's license was suspended as a result of his commission of aggravated vehicular homicide, a felony, appellant must establish that he meets the requirements of R.C. 4510.54(A)(1)(a).  Specifically, appellant must establish that he has not been found guilty of any felonies or moving violations in the past 15 years.  Over the

10.

past 15 years, appellant has been convicted of several felonies, including a conviction for felony domestic violence in 2017, and one moving violation. As such, appellant cannot carry his burden, under R.C. 4510.54(D), of establishing that he meets the requirements of R.C. 4510.54(A)(1)(a).

{¶ 22} In light of the foregoing, we find that the trial court properly denied appellant's motion to terminate his driving suspension. Accordingly, appellant's sole assignment of error is not well-taken.

### III. Conclusion

{¶ 23} In light of the foregoing, the judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.