[Cite as *State v. Drake*, 2017-Ohio-4336.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| State of Ohio/City of Bowling Green | Court of Appeals No. WD-16-032 |
| Appellee | Trial Court No. 16-TRD-01985 |
| v. | |
| Charles E. Drake | **DECISION AND JUDGMENT** |
| Appellant | Decided: June 16, 2017 |

* * * * *

Hunter Brown, Bowling Green City Prosecutor, and
Paul A. Skaff, Assistant Prosecutor, for appellee.

Loretta Riddle, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Charles Drake, appeals the judgment of the Bowling Green Municipal Court, following a bench trial, convicting him of one count of illegal parking in violation of R.C. 4511.69(C)(1)(a), a minor misdemeanor. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} The facts and testimony taken from the bench trial are as follows. On the morning of March 21, 2016, Deputy James Connin of the Wood County Sheriff's Department was dispatched to the scene of an accident in front of the residence at 9071 Wayne Road. Connin testified that upon his arrival, he observed a trash truck parked in the southbound lane, facing northbound. A white car was to the north of the truck, facing southbound. It appeared based on the damage to the vehicles that they had been involved in a head-on collision. Connin identified appellant as the driver of the trash truck.

{¶ 3} Connin testified that appellant acknowledged that his vehicle was parked in the wrong direction. Appellant stated to Connin that he was outside of the vehicle, collecting the trash can at 9071 Wayne Road, when he observed the white car travelling southbound at a high rate of speed. The car did not appear to slow down before it collided with the trash truck. Connin testified that the truck had its headlights, five or six other lights on the top of the truck, and an amber strobe light turned on at the time of the accident.

{¶ 4} In addition to Connin's testimony, three pictures of the scene were entered into evidence, which depicted the trash truck and the white car. From the pictures, Connin testified that Wayne Road was a two-lane road with a yellow line dividing the middle. Wayne Road did not have any white lines marking the outside of the roadway.

{¶ 5} After the state rested its case, appellant moved for a judgment of acquittal pursuant to Crim.R. 29. R.C. 4511.69(C)(1)(a) provides, in pertinent part, "[N]o vehicle

2.

or trackless trolley shall be stopped or parked on a road or highway with the vehicle or trackless trolley facing in a direction other than the direction of travel on that side of the road or highway." Appellant argued, in part, that the state had not proven that the trash truck was on a road or highway because there were no exterior white lines on Wayne Road. Additionally, appellant argued that the state failed to prove that appellant did not fall into the exception contained in R.C. 4511.69(D), which provides,

> Notwithstanding any statute or any rule, resolution, or ordinance adopted by any local authority, air compressors, tractors, trucks, and other equipment, while being used in the construction, reconstruction, installation, repair, or removal of facilities near, on, over, or under a street or highway, may stop, stand, or park where necessary in order to perform such work, provided a flagperson is on duty or warning signs or lights are displayed as may be prescribed by the director of transportation.

The trial court denied appellant's motion.

{¶ 6} Thereafter, appellant rested without calling any witnesses. The trial court then found appellant guilty beyond a reasonable doubt, and sentenced him to pay a fine of $150, plus court costs.

## II. Assignment of Error

{¶ 7} Appellant has timely appealed the trial court's judgment, and now asserts one assignment of error for our review:

3.

1. The trial court erred and abused its discretion when it failed to require the state to prove appellant did not fall under the exception provided in R.C. 4511.69(D) and otherwise found appellant guilty contrary to law.

### III. Analysis

**{¶ 8}** Although appellant frames his analysis in terms of an abuse of discretion, his arguments focus on the interpretation of R.C. 4511.69. Because the interpretation of R.C. 4511.69 is a question of law, we review the trial court's decision de novo. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9.

**{¶ 9}** "When construing a statute, a court's objective is to determine and give effect to the legislative intent." *Id.* at ¶ 10. "To determine legislative intent, a court must first consider the words used in a statute." *Id.* "When a statute's language is clear and unambiguous, a court must apply it as written." *Id.* "Further construction is required only when a statute is unclear and ambiguous." *Id.*

**{¶ 10}** In support of his assignment of error, appellant makes two arguments. First, he contends that his conviction should be overturned because his trash truck was not parked on a "road or highway." R.C. 4511.01(BB) provides that "'Street' or 'highway' means the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel." Notably, "road" is not defined in the statute. Appellant concludes that because Wayne Road did not have any white edge lines, there were no "boundary lines," and thus Wayne Road is not a "road or highway." We disagree.

4.

{¶ 11} Appellant's argument equates white edge lines with boundary lines. If that were true, then the berm or shoulder would not be part of the highway. However, such an interpretation would render the definition of "roadway" superfluous because roadway is defined as "that portion of a highway improved, designed, or ordinarily used for vehicular travel, except the berm or shoulder. If a highway includes two or more separate roadways the term 'roadway' means any such roadway separately but not all such roadways collectively." R.C. 4511.01(EE). When interpreting a statute, "[n]o part [of the statute] should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative." *State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn.*, 131 Ohio St.3d 478, 2012-Ohio-1484, 967 N.E.2d 193, ¶ 19, quoting *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*, 95 Ohio St. 367, 373, 116 N.E. 516 (1917). "Statutes must be construed, if possible, to operate sensibly and not to accomplish foolish results." *Id.*, quoting *State ex rel. Saltsman v. Burton*, 154 Ohio St. 262, 268, 95 N.E.2d 377 (1950). Thus, we hold that the boundary lines of a highway are not determined by the white edge lines typically found on a roadway. Notably, we need not determine whether the boundary lines of a highway are at the outside edge of the berm or shoulder, or whether the boundary lines extend all the way to the edge of the right-of-way because, in this case, the trash truck was parked on the paved surface of the roadway. Therefore, we hold that the trial court did not err in concluding that appellant was parked or stopped on a road or highway.

5.

**{¶ 12}** In his second argument, appellant contends that he fell within the exception in R.C. 4511.69(D), in that the trash truck was being used in the removal of "facilities." We note that appellant has not cited any authority to support his assertion that trash is a "facility." We also note that "facility" is not defined in the statute. Thus, we must give it its plain and ordinary meaning. *State v. Anthony*, 96 Ohio St.3d 173, 2002-Ohio-4008, 772 N.E.2d 1167, ¶ 11. The plain and ordinary meaning of "facility" is "something (as a hospital) that is built, installed, or established to serve a particular purpose." *Merriam-Webster's Collegiate Dictionary Eleventh Edition* 447 (2003). Based on this definition, we conclude that trash is not a "facility" as used in R.C. 4511.69(D). Therefore, we hold that the trial court did not err in finding that the exception contained in R.C. 4511.69(D) did not apply.

**{¶ 13}** Accordingly, appellant's assignment of error is not well-taken.

### IV. Conclusion

**{¶ 14}** For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Bowling Green Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                               JUDGE

James D. Jensen, P.J.

                                         _____

Christine E. Mayle, J.                                    JUDGE
CONCUR.

                                         _____

                                               JUDGE

7.