[Cite as *State v. Morris*, 2020-Ohio-3147.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHRISTOPHER H. MORRIS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 19 CO 0012

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2007 CR 81

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Robert Herron*, Columbiana County Prosecutor, and *Atty. John E. Gamble*, Assistant Prosecuting Attorney, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee and

*Atty. Rhys Cartwright-Jones* 42 North Phelps Street, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated: May 29, 2020

**D'APOLITO, J.**

{¶1} Appellant, Christopher H. Morris, appeals from the March 7, 2019 judgment of the Columbiana County Court of Common Pleas denying his motion for limited driving privileges following a hearing. On appeal, Appellant asserts the trial court erred in denying his motion on the theory that it is an unlawful modification of a lifetime suspension. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} This matter stems from a car accident that occurred on July 16, 2006. Appellant was driving a truck along State Route 11 when he struck the rear end of a minivan driven by Allison Macke. The minivan contained three passengers: Sam Macke, Zach Doran, and Sara Kinner. Allison, Zack, and Sara all survived but sustained injuries. Sam was ejected from the vehicle, suffered massive injuries, and died.

{¶3} At the scene, Appellant's truck was found to have front end damage and beer cans were discovered among the debris. Appellant was not present when first responders arrived and they had to search for him. Appellant was located walking along State Route 14. Appellant had an odor of alcohol on his breath and his eyes were red and glassy.

{¶4} On March 2, 2007, the Columbiana County Grand Jury indicted Appellant on six counts: one count of aggravated vehicular homicide caused by driving while under the influence of alcohol, a felony of the second degree, in violation of R.C. 2903.06(A)(1)(a); three counts of aggravated vehicular assault, felonies of the third degree, in violation of R.C. 2903.08(A)(1)(a); one count of failure to stop after an accident, a misdemeanor of the first degree, in violation of R.C. 4549.02(A); and one count of aggravated vehicular homicide by recklessly operating a vehicle, a felony of the third degree, in violation of R.C. 2903.06(A)(2). Appellant pleaded not guilty at his arraignment.

{¶5} A jury trial commenced on November 5, 2007. Following presentation of all the evidence, the trial court dismissed the sixth count of the indictment that charged

Appellant with aggravated vehicular homicide that resulted from reckless operation of a vehicle. The jury found Appellant guilty of the remaining five counts.

{¶6} On January 9, 2008, the trial court sentenced Appellant to an aggregate prison term of ten years and a lifetime driver's suspension. Appellant filed a timely appeal, Case No. 08 CO 7. On June 30, 2009, this court affirmed Appellant's conviction. *State v. Morris*, 7th Dist. Columbiana No. 08 CO 7, 2009-Ohio-3326.

{¶7} On November 5, 2018, Appellant filed a motion for limited driving privileges pursuant to R.C. 4510.021. On March 7, 2019, the trial court denied the motion following a hearing. Appellant filed the instant appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN DENYING MORRIS' MOTION FOR LIMITED DRIVING PRIVILEGES.**

{¶8} A trial court's decision to grant or deny driving privileges will not be disturbed on appeal absent an abuse of discretion. *Lancashire v. McCullion*, 7th Dist. Carroll No. 561, 1988 WL 140552, *2 (Dec. 29, 1988); *State v. Dzurilla*, 8th Dist. Cuyahoga No. 101960, 2015-Ohio-1954, ¶ 14. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶9} In support of his position that the trial court erred in denying his motion for limited driving privileges, Appellant cites to *State v. Manocchio*, 138 Ohio St.3d 292, 2014-Ohio-785. Appellant's reliance on that case, however, is misplaced. The salient issue in *Manocchio* was "whether the Revised Code permits a court to grant limited driving privileges to a person subject to a lifetime driver's license suspension within the first 15 years of that suspension." *Id.* at ¶ 2. The Court concluded that the grant of limited driving privileges, issued before 15 years have elapsed since the suspension began, is not a "modification or termination of a license suspension in violation of R.C. 4510.54." *Id.* at ¶ 21. *Manocchio* is not applicable to the case at bar because the trial court here did not

deny Appellant's motion by application of former R.C. 4510.54(A) or because of any particular time provisions. *See also Dzurilla, supra,* at ¶ 16.

{¶10} Rather, as stated, Appellant was convicted and sentenced for numerous offenses, including aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1)(a). As part of his sentence for that offense, Appellant's driver's license was suspended for the balance of his life, i.e., a class one suspension. *See* R.C. 2903.06(B)(2)(d); R.C. 4510.02(A)(1).

{¶11} Appellant's motion for limited driving privileges was filed pursuant to R.C. 4510.021, which states: "Unless expressly prohibited by section * * * 4510.13 * * *, a court may grant limited driving privileges * * * during any suspension imposed by the court." R.C. 4510.13(C)(3) specifically provides: "No judge or mayor shall suspend any class one suspension, or any portion of any class one suspension, imposed under section * * * 2903.06 * * * of the Revised Code."

{¶12} Thus, by seeking to drive while his license remains under a class one suspension, Appellant essentially requested the trial court to suspend the suspension or a portion of the suspension, an act that R.C. 4510.13(C)(3) specifically prohibits. Because the availability of limited driving privileges under R.C. 4510.021 is expressly made subject to R.C. 4510.13, the trial court did not abuse its discretion in denying Appellant's motion.

## CONCLUSION

{¶13} For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The judgment of the Columbiana County Court of Common Pleas denying Appellant's motion for limited driving privileges is affirmed.

Donofrio, J., concurs.

Waite, P.J., concurs.

Case No. 19 CO 0012

―――――――――――――

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**