[Cite as *State v. Roberts*, 2022-Ohio-3772.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No.  E-21-047

    Appellant                             Trial Court No.  2008-CR-0234

v.

Marisa A. Roberts nka Riffle           **DECISION AND JUDGMENT**

    Appellee                              Decided:  October 21, 2022

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellant.

Kenneth R. Bailey, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This state appeal is from the October 26, 2021 judgment of the Erie County

Court of Common Pleas which granted appellee Marisa Roberts' motion for limited

driving privileges.  Because we find no error, we affirm.

## I. Background

**{¶ 2}** In 2009, appellee was convicted of aggravated vehicular homicide and four counts of aggravated vehicular assault following a 2008 automobile accident where she was driving while intoxicated. Appellee was sentenced to a total of three years of imprisonment and was subject to a lifetime driver's license suspension for the aggravated vehicular homicide and concurrent ten year suspensions for each aggravated vehicular assault.

**{¶ 3}** Following her 2011 release from prison, in 2014, 2016, and 2017, appellee unsuccessfully moved for limited driving privileges. On April 24, 2019, appellee again filed a motion for limited driving privileges under R.C. 4510.021. Appellee stated that she was requesting driving privileges due to her full-time employment and the fact that she is a single mother to a child nearing preschool age. The state opposed the motion arguing that appellee's lifetime suspension, a class one suspension, barred any driving privileges.

**{¶ 4}** A hearing on the motion was held on March 5, 2020. In dispute was whether limited driving privilege were available for a class-one, lifetime suspension or whether such privileges would be considered an impermissible "modification" of the suspension or portion of the suspension. At the request of the court, written memoranda were filed by the parties.

2.

**{¶ 5}** On October 26, 2021, the court granted appellee's motion for limited driving privileges. The judgment entry specifically granted driving privileges for appellee to take her driver's license examination and, upon proof of insurance, to drive to and from appellee's job and transport her minor child to and from day-care and school. The state then commenced this appeal.

## II. Assignment of Error

Assignment of Error One: The trial court erred as a matter of law under R.C. 4510.13(C)(3) and R.C. 4510.021(A) by granting Defendant's Motion for Limited Driving Privileges.

## III. Discussion

**{¶ 6}** Generally, the decision to grant limited driving privileges during a driving suspension is a matter left to the discretion of the sentencing court. *State v. Dzurilla*, 8th Dist. Cuyahoga No. 101960, 2015-Ohio-1954, ¶ 14. However, because the issue before us revolves around the trial court's interpretation of various statutory sections in R.C. Chapter 4510 relating to license suspensions, a question of law, we must conduct a de novo review. *Riedel v. Consol. Rail Corp.*, 125 Ohio St.3d 358, 2010-Ohio-1926, 928 N.E.2d 448, ¶ 6, quoting *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8.

**{¶ 7}** Relevant to this appeal, appellee was convicted of a violation of R.C. 2903.06(A)(1)(a), which in 2009 provided:

3.

(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause the death of another or the unlawful termination of another's pregnancy in any of the following ways:

(1)(a) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance; * * *.

{¶ 8} The section also provided for a license suspension as follows:

(d) In addition to any other sanctions imposed pursuant to division (B)(2)(a), (b), or (c) of this section for aggravated vehicular homicide committed in violation of division (A)(1) of this section, the court shall impose upon the offender a class one suspension of the offender's driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege as specified in division (A)(1) of section 4510.02 of the Revised Code.[1]

---

[1] Notably, the 2017 version of the R.C. 2903.06(B)(2)(d) added the following language:

Divisions (A)(1) to (3) of section 4510.54 of the Revised Code apply to a suspension imposed under division (B)(2)(d) of this section.

4.

R.C. 2903.06(B)(2)(d).

{¶ 9} The state's argument centers on its interpretation of and interplay between R.C. 4510.021 and R.C. 4510.13. The sections at issue provide:

(A) Unless expressly prohibited by section 2919.22, section 4510.13, or any other section of the Revised Code, a court may grant limited driving privileges for any purpose described in division (A) of this section during any suspension imposed by the court. In granting the privileges, the court shall specify the purposes, times, and places of the privileges and may impose any other reasonable conditions on the person's driving of a motor vehicle. The privileges shall be for any of the following limited purposes:

(1) Occupational, educational, vocational, or medical purposes;

(2) Taking the driver's or commercial driver's license examination;

(3) Attending court-ordered treatment;

(4) Any other purpose the court determines to be appropriate;

(5) Attending any court proceeding related to the offense for which the offender's suspension was imposed;

(6) Transporting a minor to a child care provider, day-care, preschool, school, or to any other location for purposes of receiving child care.

R.C. 4510.021.

**{¶ 10}** R.C. 4510.13(C)(3) states:

> No judge or mayor shall suspend any class one suspension, or any portion of any class one suspension, imposed under section 2903.04, 2903.06, 2903.08, or 2921.331 of the Revised Code. No judge or mayor shall suspend the first thirty days of any class two, class three, class four, class five, or class six suspension imposed under section 2903.06, 2903.08, 2903.11, 2923.02, or 2929.02 of the Revised Code.

**{¶ 11}** We initially note that the clear language in R.C. 4510.21 allows limited driving privileges for *any* suspension unless *expressly* prohibited. The state argues that because R.C. 4510.13(C)(3) specifically prevents a court from suspending any *portion* of a class one suspension imposed under R.C. 2903.06, the court lacked the authority to grant appellee limited driving privileges as such privileges would be considered a portion of the suspension. Appellee, however, contends that a plain reading of the statute simply prevents a court from suspending a suspension or a finite part of the suspension and that case law clearly demonstrates that driving privileges do not effect a class one suspension.

**{¶ 12}** In the trial court and on appeal, the parties debate the application of a Supreme Court of Ohio case addressing the availability of limited driving privileges following a lifetime license suspension. *State v. Manocchio*, 138 Ohio St.3d 292, 2014-Ohio-785, 6 N.E.3d 47. In *Manocchio*, the class-two suspension at issue was imposed following the defendant's fourth OVI conviction and second felony OVI conviction. The

6.

court held that "when a trial court grants limited driving privileges and issues an entry in compliance with R.C. 4510.021(A), that grant is not a modification of a lifetime suspension within the meaning of former R.C. 4510.54(A)." *Id.* at ¶ 2.

{¶ 13} In reaching its holding, the court stressed that the General Assembly had "expressly distinguished between the granting of driving privileges during a license suspension and the modification of that license suspension." *Id.* at ¶ 15. The court explained:

> [T]he General Assembly has carved out two procedures by which drivers under license suspensions may seek to drive and has given them distinct labels. One procedure allows limited driving privileges. R.C. 4510.021 and related statutes. The other allows termination or modification of the suspension. R.C. 4510.54.

*Id.* at ¶ 18. *See State v. Varholick*, 2017-Ohio-9181, 103 N.E.3d 242 (8th Dist.); *State v. Semenchuk*, 8th Dist. Cuyahoga No. 100323, 2014-Ohio-1521.

{¶ 14} The state urges us to follow the Seventh Appellate District which rejected an appeal of a denial of a motion for limited driving privileges under R.C. 4510.021. *State v. Morris*, 7th Dist. Columbiana No. 19 CO 0012, 2020-Ohio-3147. Analyzing the availability of driving privileges following a class-one lifetime license suspension imposed pursuant to an aggravated vehicular homicide conviction under R.C. 2903.06(A)(1)(a), the court distinguished the holding in *Manocchio* stating that the case

7.

at bar did not involve the denial of a request for driving privileges based on a time provision (in *Manocchio*, the 15-year proscription against modifying a lifetime suspension). *Id.* at ¶ 9. The court then found that R.C. 4510.13, referenced in R.C. 4510.021, applied and that appellee, by seeking the ability to drive while under a class one suspension was in essence requesting that the trial court "suspend the suspension or a portion of the suspension" which was prohibited under R.C. 4510.13(C)(3). *Id.* at ¶ 12.

{¶ 15} Reviewing the relevant statutes and case law, we reject the nonbinding *Morris* court's interpretation of R.C. 4510.13(C)(3). "Limited driving privileges" is statutorily defined as "the privilege to operate a motor vehicle that a court grants under section 4510.021 of the Revised Code to a person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended." R.C. 4501.01(UU). Thus, such privileges are clearly available *during* a license suspension. And, as stated in R.C. 4510.021, the availability of driving privileges applies to *any* license suspension barring limited exceptions under R.C. 4510.13.

{¶ 16} Importantly, the plain language of R.C. 4510.13(C)(3), unlike other subsections in R.C. 4510.13, does not address, let alone *expressly* prohibit limited driving privileges for driver's convicted under R.C. 2903.06. R.C. 4510.13(A)(1) states that divisions (A)(2) to (9) "apply to a judge or mayor regarding the suspension of, or the grant of limited driving privileges during a suspension of an offender's driver's * * *

8.

license." Reading the statute as a whole, several other sections set forth conditions and time restrictions regarding the availability of limited driving privileges based on a defendant's conviction. For example, R.C. 4510.13(3) through (6) expressly prohibit a court's granting of limited driving privileges for convictions under R.C. 4511.19 prior to the expiration of set time periods, for certain commercial driver's license suspensions, or unless various other conditions are met. Thus, because certain subsections of R.C. 4510.13—on their face—expressly prohibit the granting of limited driving privilege in circumstances not applicable to this case, it would be entirely unreasonable to interpret R.C. 4510.13(C)(3), which does not contain similar prohibitive language, as "expressly prohibit[ing]* * *limited driving privileges" as that phrase is used in R.C. 4501.021.

{¶ 17} Appellant nonetheless contends that R.C. 4510.13(C)(3)'s use of the phrase "portion of a suspension" necessarily includes limited driving privileges. We disagree. We must conclude that if the legislature intended to expressly prohibit limited driving privileges for certain class one suspensions under R.C. 4510.13(C)(3), it would have used the explicit language that it used in other subsections of R.C. 4510.13 to do so. Moreover, the state's interpretation is contrary to the plain meaning of the statute. Where a particular word is not defined in the statute we must give it its plain and ordinary meaning. *State /City of Bowling Green v. Drake*, 2017-Ohio-4336, 91 N.E.3d 1263 (6th Dist.), ¶ 12; *State v. Anthony*, 96 Ohio St.3d 173, 2002-Ohio-4008, 772 N.E.2d 1167, ¶ 11. The plain and ordinary meaning of "portion" is "an often limited part set off or

9.

abstracted from a whole." Merriam-Webster's Collegiate Dictionary Eleventh Edition 967 (2003). Harmonizing this definition with R.C.4510.13 and the Supreme Court of Ohio's explanation of the relationship between license suspensions and limited driving privileges in *Manocchio*, *supra*, we cannot conclude that section (C)(3) was enacted as a means to limit the availability of driving privileges for class-one suspensions imposed under R.C. 2903.06. Rather, it simply restricts the sentencing court's ability to suspend the suspension in full or in part.

{¶ 18} In granting appellee driving privileges the court, in compliance with R.C. 4510.021, specifically limited appellee's driving ability to her work and to her child's day-care and school on Monday through Friday from 7:00 a.m. until 5:30 p.m. Based on the foregoing, find that the court did not err when it granted appellee's motion for limited driving privileges. Appellant's assignment of error is not well-taken.

{¶ 19} As to the conflict which exists between our decision and the Seventh Appellate District's decision in *State v. Morris*, 7th Dist. Columbiana No. 19 CO 0012, 2020-Ohio-3147, we note that Section 3(B)(4), Article IV of the Ohio Constitution provides that "[w]henever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination." The Ohio Supreme Court set forth three requirements which must be met in order to certify a case:

10.

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993).

{¶ 20} Because we find that the court's decision in this appeal is in conflict with *Morris*, *supra*, we certify a conflict to the Supreme Court of Ohio on the following issue: Are limited driving privileges available for a class-one lifetime driver's suspension imposed following a conviction under R.C. 2903.06(A)(1)(a), or are they considered an impermissible suspension of a portion of the suspension under R.C. 4510.13(C)(3)? The parties are directed to S.Ct.Prac.R. 5.03 and 8.01 for guidance.

## IV. Conclusion

{¶ 21} On consideration whereof, we affirm the October 26, 2021 judgment of the Erie County Court of Common Pleas. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                           _____
                                                                    JUDGE

Christine E. Mayle, J.
CONCUR.                                          _____
                                                                    JUDGE



Gene A. Zmuda, J                                _____
CONCURS IN DECISION ONLY                       JUDGE
AND WRITES SEPARATELY.


**ZMUDA, J.**

{¶ 22} I concur with the majority's decision affirming the trial court's judgment. However, because I believe the state fails to meet the necessary threshold of showing that R.C. 4510.13 is ambiguous, we merely need to apply the plain language of the statute to reach this result without any interpretive analysis. I write separately to address this issue.

{¶ 23} The state asks this court to interpret R.C. 4510.13(C)(3)'s prohibition against "suspending" a driver's license suspension imposed under R.C. 2903.06 to include a prohibition against the granting of limited driving privileges to an offender

12.

serving that suspension. To resolve this appeal, we must review the statute to determine whether such a construction is warranted.

{¶ 24} The Ohio Supreme Court has established a specific process for courts to construe statutes. "It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation." *Wingate v. Hordge,* 60 Ohio St.2d 55, 58, 396 N.E.2d 770 (1979). "If [the statute] is not ambiguous, then we need not interpret it; we must simply apply it." *State v. Hairston,* 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 13. "A statute is ambiguous when its language is subject to more than one reasonable interpretation." *State v. Jordan,* 89 Ohio St.3d 488, 492, 733 N.E.2d 601, (2000). Therefore, in order to interpret the statute as the state requests, we must first find that the statute is ambiguous on the issue presented for our review. It is not.

{¶ 25} R.C. 4510.13 states, in relevant part:

(B) Any person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended pursuant to section 4511.19 or 4511.191 of the Revised Code or under section 4510.07 of the Revised Code for a violation of a municipal OVI ordinance may file a petition for *limited driving privileges during the suspension*.

\* \* \*

13.

(C)(3) No judge or mayor shall *suspend any class one suspension*, or any

portion of any class one suspension, imposed under section

2903.04, 2903.06, 2903.08, or 2921.331 of the Revised Code.

(emphasis added). The plain language of R.C. 4510.13(B) clearly states the circumstances where certain driving privileges may be granted "during the suspension." This is distinguishable from the plain language prohibiting the suspension of a suspension under R.C. 4510.13(C)(3), that would establish a period during which the suspension was not in effect. In other words, when a trial court grants an offender limited driving privileges, the suspension is not suspended but remains in effect subject to the granted privileges.

{¶ 26} In light of the plain language of R.C. 4510.13(B), I do not believe there is a reasonable interpretation of R.C. 4510.13(C)(3) in which a trial court's grant of limited driving privileges constitutes a suspension of a driver's license suspension as the state argues. Notably, the majority reaches this exact same conclusion recognizing that some provisions under R.C. 4510.13 include an "express prohibition" against the granting of limited driving privileges while R.C. 4510.13(C)(3) does not. As a result, the majority finds that the state's interpretation of the statute is not supported by the statute's plain language, showing that the statute is not ambiguous. Inexplicably, the majority does not recognize the consequence of that conclusion—that no further statutory interpretation is

14.

necessary—and proceeds to review the statute as if it were ambiguous. This analysis is superfluous and I do not join in that portion of the majority's decision.

{¶ 27} Having concluded that the plain language of the statute is unambiguous, we need only to apply that language and resolve this matter accordingly. *Wingate* at 58. In doing so, it is clear that the state's argument that R.C. 4510.13(C)(3) prohibited the trial court's granting of limited driving privileges to appellant as a suspension of her suspension is unfounded. I find the state's assignment of error not well-taken for this reason alone and concur with the majority's decision for that reason only.

{¶ 28} I note that while I agree with only a portion of the majority's analysis to resolve this appeal, I concur in full with the majority's certification of a conflict between this decision and *State v. Morris*, 7th Dist. Columbiana No. 19 CO 0012, 2020-Ohio-3147. Our conclusion here is in direct conflict on an issue of law resolved in *Morris* and is properly certified for resolution by the Ohio Supreme Court pursuant to Section 3(B)(4), Article IV of the Ohio Constitution.

{¶ 29} For these reasons, I concur in the majority's decision but would do so only through applying the plain language of the statute to the question before us.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

15.